[No. G025981. Fourth Dist., Div. Three. Jan. 25, 2002.]

DEBRA L. FRAZEE, Plaintiff and Appellant, v.
HALL SEELY et al., Defendants and Respondents.

**COUNSEL**

Law Offices of Thomas P. Dovidio and Thomas P. Dovidio for Plaintiff and Appellant.

Sedgwick, Detert, Moran & Arnold, Gregory H. Halliday and Ralph A. Guirgis for Defendants and Respondents Hall Seely, Katia Diehl and Seely & Russell.

Callahan, McCune & Willis and Neal C. Swensen for Defendants and Respondents Michelle Elizabeth Hales, Robert P. Etienne and Hales, Hales & Etienne

## OPINION

**RYLAARSDAM, Acting P. J.**—Plaintiff Debra L. Frazee appeals from a summary judgment in favor of defendants Hall Seely, Katia Diehl, the law firm of Seely & Russell (S & R), Michelle Elizabeth Hales, Robert P. Etienne, and the law firm of Hales, Hales & Etienne (H, H & E). Frazee contends the court erred by granting summary judgment in her malpractice action for the following reasons: (1) the court granted summary judgment without allowing oral argument; (2) it incorrectly denied her request for a continuance to conduct further discovery to oppose the summary judgment motion; (3) it incorrectly granted a motion by Hales, Etienne, and H, H & E to join in the motion for summary judgment/adjudication filed by Seely, Diehl, and S & R; (4) it applied the wrong standards of proof and persuasion to the summary judgment motion; and (5) there are genuine questions of material fact. We agree with the second and third contentions and reverse.

### FACTS

Frazee retained Hales and Etienne of H, H & E to represent her in a dissolution action filed by her husband in Santa Clara County. This representation was for the purpose of "protecting [her] property rights, obtaining orders of support for herself and her son, . . . and/or attempting to get the dissolution proceeding in Santa Clara County dismissed to allow [her] to institute a similar proceeding in Orange County, where [she] resides." Frazee retained separate counsel in Southern California and filed a petition for dissolution with the Orange County Superior Court. The Santa Clara action was later dismissed.

Although Frazee sought to retain further local counsel in the Orange County action, Hales and Etienne agreed to continue representing her. They acted on Frazee's behalf at the outset of the dissolution action including advising her to store an automobile she owned jointly with her husband "as 'leverage.' " However, Hales subsequently informed Frazee that she and her firm would no longer be able to represent Frazee, and referred her to the law firm of S & R. Frazee then retained Seely.

Frazee alleges that at family court appearances Seely was either absent or, if present, allowed Diehl, an associate, to proceed "with no supervision," and that both Seely and Diehl failed to take any depositions in the dissolution action. Allegedly Seely informed Frazee he wished to leave depositions until "closer to the trial date," and later told her the time to conduct discovery had passed. The court ordered Frazee's husband to pay her temporary support. When he stopped paying this support, Seely told Frazee to "sell[] her possessions" to support herself and her son.

In Frazee's absence, the court granted her husband a final decree of dissolution. Frazee demanded to speak with Seely, but was told he "could not represent her because he had to represent paying clients . . . ." She then contacted Hales and asked for advice. Hales refused to help her and "advised [Frazee] to continue working with [Diehl], obtain a judgment, and worry about it later."

In the present action, Frazee seeks damages for malpractice against all defendants and damages for constructive fraud and negligent misrepresentation against Seely, Diehl, and S & R. She alleges Diehl made "crucial" errors and failed to admit important evidence or to properly examine witnesses. These errors resulted in the family residence being awarded to her husband and other orders in his favor. She also alleges Seely breached his fiduciary duty by entrusting her representation to Diehl.

In May 1999, Seely, Diehl, and S & R moved for summary judgment, or in the alternative, for summary adjudication, requesting a hearing date of June 23, 1999. They argued that Frazee would be unable to prove damages in the first cause of action because she could not have obtained a more favorable result in the dissolution action. The separate statement and supporting documents tended to show, among other things, that a retrial granted in favor of Frazee's husband did not end in "a better result" than the original judgment obtained by Diehl.

As for the purported cause of action for constructive fraud, Seely, Diehl, and S & R argued that Frazee could not prevail because she had not shown a breach of fiduciary duty. Lastly, they contended the purported cause of action for negligent misrepresentation must fail because the alleged misrepresentation was immaterial. On June 1, 1999, Hales, Etienne, and H, H & E moved to join in the motion for summary judgment/adjudication, "[i]nasmuch as the issues of causation of damages are identical . . . ."

In a declaration filed with Frazee's opposition, her attorney requested that the court deny the motion or grant a continuance to allow completion of "pending discovery . . . ." He stated that the "transcripts of depositions recently taken . . . have not yet been received," depositions of "Defendant's declarants in support of their Motion for Summary Judgment are currently calendared but have not yet been taken," Frazee's own deposition had yet to be completed, and responses to interrogatories were expected to arrive in 10 days. Frazee's attorney also claimed that Frazee had "been most diligent in attempting to conduct and complete her discovery," but scheduling problems had arisen, and "it ha[d] not been an easy task to fly to Northern California [to] take these various depositions." Completion of discovery was necessary,

he argued, because the transcript of Seely's deposition would include "some admissions and acknowledgments [that] . . . will go far in establishing the [alleged] professional negligence and breaches of fiduciary duty" and further depositions of defendants' expert witnesses would be necessary to impeach their declarations filed in support of the motion for summary judgment.

Frazee also opposed Hales, Etienne, and H, H & E's joinder motion. Her opposition to the motion for summary judgment/adjudication dealt exclusively with the issues relating to Seely, Diehl, and S & R and was filed before the motion of joinder was served on her. She argued the attempted joinder was untimely and should be denied.

Seely, Diehl, and S & R opposed Frazee's request for a continuance. In response to the assertion that Frazee needed to depose their expert witnesses, they argued the request was insufficient because Frazee's "remedy [was] not to depose [the experts] for purposes of the opposition to the summary judgment, but rather to submit a declaration of her own expert or to attack the foundational basis for the opinion." They also contended "it is not enough to justify [a] continuance . . . where discovery is outstanding," and that the action was "pending for well over three years."

After a hearing held on June 23, 1999, the court granted the motion of joinder filed by Hales, Etienne, and H, H & E and granted summary judgment for all defendants. It found that Frazee would be unable to prove any damages from defendants' alleged malpractice and that she could not establish a breach of fiduciary duty by Seely, Diehl, and S & R as to the cause of action for constructive fraud or that Seely's alleged representations were sufficiently material to establish negligent misrepresentation. The record does not indicate whether the court expressly ruled on Frazee's request for a continuance.

DISCUSSION

*The Court Provided Frazee a Hearing*

Frazee contends the court denied her due process of law by granting the motion for summary judgment without providing her an opportunity to argue in open court. She points to the fact that the reporter's transcript shows the motion was granted during a "morning session" at which she and her attorney were not present. We disagree.

The phantom morning session is nothing but a product of typographical error. We granted Frazee's motion to augment the record with the reporter's

transcript of the hearing and also granted a request by Seely, Diehl, and S & R to correct it. A declaration from the court reporter stated, "I have concluded that the transcript is in error. The hearing wherein the Court granted the summary judgment did not take place during the morning session. Rather, the hearing took place after oral argument which was set forth at 1:30 p.m. . . . ." As corrected, the transcript reads: "The following proceedings were had in open court after oral argument on Summary Judgment motion." Moreover, the court explicitly stated in its order that the motion was granted "[a]fter consideration of all papers filed in support of the motion for summary judgment . . . *and upon oral argument . . . .*" (Italics added.)

*The Court Abused Its Discretion by Denying a Continuance*

Frazee also argues the court should have either denied the motion for summary judgment/adjudication or, in the alternative, granted a continuance because she needed to complete discovery to properly oppose the motion. We agree.

As noted in a declaration filed in support of Frazee's opposition to the motion, Frazee's attorney informed the court he needed more time to complete discovery. He specifically stated that deposition transcripts, including Seely's, had yet to be received from the reporter. Moreover, depositions previously scheduled had yet to take place, defendants were in the middle of deposing Frazee, answers to interrogatories were expected to arrive, and Frazee needed to depose expert witnesses who filed declarations in support of the motion. This further discovery was necessary because certain "admissions and acknowledgements" by Seely would tend to prove the allegations of legal malpractice and breach of fiduciary duty. Frazee's attorney also argued that he was diligent, but due to logistical and scheduling problems, he had not been able to complete discovery.

Section 437c, subdivision (h) of the Code of Civil Procedure provides that a motion for summary judgment or adjudication shall be denied, or a continuance shall be granted, "[i]f it appears from the affidavits submitted in opposition . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented . . . ." The non-moving party seeking a continuance "must show: (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]" (*Wachs v. Curry* (1993) 13 Cal.App.4th 616, 623 [16 Cal.Rptr.2d 496].) The decision whether to grant such a continuance is within the discretion of the trial court. (*FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 72 [41 Cal.Rptr.2d 404].) But as this court

recently noted, the interests at stake are too high to sanction the denial of a continuance without good reason. "[T]echnical compliance with the procedures of Code of Civil Procedure section 437c is required to ensure there is no infringement of a litigant's hallowed right to have a dispute settled by a jury of his or her peers." (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395 [107 Cal.Rptr.2d 270].)

Subdivision (h) was added to section 437c of the Code of Civil Procedure (hereafter section 437c) "[t]o mitigate summary judgment's harshness," and it mandates a continuance for the nonmoving party " ' "upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion." [Citation.]' [Citation.]" (*Bahl v. Bank of America, supra*, 89 Cal.App.4th at p. 395.) Moreover, the affiant is not required to show that essential evidence does exist, but only that it may exist. This, and the language stating the continuance shall be granted upon such a showing, "leaves little room for doubt that such continuances are to be liberally granted." (*Ibid.*)

■ Although the record does not indicate an explicit ruling on this request, the grant of summary judgment implies a denial, and we presume it was based on the reasons raised in opposition. (Cf. *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134 [275 Cal.Rptr. 797, 800 P.2d 1227] [if omission in statement of decision not raised in trial court, on appeal the court will presume findings in favor of the ruling].) Seely, Diehl, and S & R opposed Frazee's request for a continuance contending that the stated need to depose expert witnesses "hardly meets the parameters for a continuance" and that the action had been pending for more than three years. We disagree.

In support of their motion for summary judgment/adjudication, Seely, Diehl, and S & R submitted declarations from attorneys who were prepared to testify as expert witnesses. At least one of the experts expressed the opinion that Seely and Diehl's representation did not fall below the reasonable standard of care and that, even if it did, Frazee could not have obtained a better result otherwise. These opinions were central to the summary judgment motion, i.e., that Frazee could not prove damages. Deposing these witnesses to impeach their declarations would be essential to opposing the motion. Yet Seely, Diehl, and S & R argue Frazee should have responded by filing declarations from her own experts on the question of damages, not to impeach their experts, and cite to *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480 [72 Cal.Rptr.2d 232]. But that was not the holding in *Ochoa*. The court merely reiterated the well-established rule that the party opposing summary judgment bears the burden of establishing a genuine

issue of material fact, holding that a conclusory declaration filed by a purported expert lacked foundation for the opinions expressed therein, and thus did not rebut the opinions expressed in support of the motion. (*Id.* at pp. 1485, 1487-1488.)

Nor did the request rest solely on the need to depose expert witnesses. Frazee's attorney had not yet received the transcripts of Seely's deposition. Especially with regard to the purported causes of action for constructive fraud and negligent misrepresentation, any admissions could be essential to proving what representations he made to Frazee and whether they establish negligent misrepresentation. Seely, Diehl, and S & R contend that even if representations were made, they were not material. They further argue that as a matter of law, Frazee could not show a breach of fiduciary duty. The transcripts could, however, provide evidence that some material representations were made. Further time to receive and review them would have been imperative to proving the allegation of negligent misrepresentation.

Lastly, we cannot agree with the argument that Frazee was not diligent because the suit was pending for almost three years. The record does not indicate when the original complaint was filed, but the first amended complaint was filed in July 1997. The motion for summary judgment was filed almost two years later, in May 1999, and the court granted it less than one month later. Even if Frazee had two years from the time she filed her first amended complaint to the filing of the motion for summary judgment, she was given less than one month to oppose the motion. Section 437c, subdivision (h) allows for further discovery to properly oppose the motion, regardless of discovery conducted for trial. As we noted in *Bahl v. Bank of America*, the statute makes no mention of a need to show diligence, "which raises obvious doubts about its relevance." (*Bahl v. Bank of America, supra,* 89 Cal.App.4th at p. 397.) Nevertheless, the request for the continuance did make a sufficient showing of diligence. Two of the attorney-defendants are located in Santa Clara County, creating the obvious problem of travel time. Nor does it surprise us that scheduling depositions for as many of four attorney-defendants, who no doubt have busy schedules, would be a logistics nightmare.

Because the Legislature has provided for the fairly lenient granting of continuances to oppose summary judgment motions, and the premature grant of summary judgment may infringe upon the right to a jury trial, under these facts the court abused its discretion by failing to grant the request.

*The Court Also Abused Its Discretion by Granting the Joinder Motion*

Frazee contends the court also erred by allowing Hales, Etienne, and H, H & E to join in the motion for summary judgment/adjudication

because the request did not comply with requirement of a separate statement. We agree.

█   Subdivision (b) of section 437c states that a party moving for summary judgment or summary adjudication must support the motion with affidavits and other discovery materials. "The supporting papers *shall* include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed." (§ 437c, subd. (b), italics added; see also Cal. Rules of Court, rule 342(c)(2), (d).) The opposing party has an obligation to include a separate statement in his or her opposition papers which "responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed." (§ 437c, subd. (b); see also Cal. Rules of Court, rule 342(e)(2), (f).) A moving party's failure to comply with this requirement is, in the court's discretion, proper grounds to deny the motion. (§ 437c, subd. (b); *FSR Brokerage, Inc. v. Superior Court, supra*, 35 Cal.App.4th at p. 71, fn. 2.) Likewise, failure to include a separate statement in the opposing papers is a sufficient basis to grant the motion for the moving party. (§ 437c, subd. (b); *Blackman v. Burrows* (1987) 193 Cal.App.3d 889, 893 [238 Cal.Rptr. 642]; *Kaplan v. LaBarbera* (1997) 58 Cal.App.4th 175, 179 [67 Cal.Rptr.2d 903].)

█   Seely, Diehl, and S & R properly supported their motion for summary judgment/adjudication with a separate statement. Hales, Etienne and H, H & E filed a simple notice of joinder in the motion, but did not file their own separate statement. While this form of joinder may be sufficient for some purposes (see *Kindt v. Otis Elevator Co.* (1995) 32 Cal.App.4th 452, 459 [38 Cal.Rptr.2d 121]; 1 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 3d ed. 2001) § 11.17, p. 332), it is not sufficient for purposes of the summary judgment statute. "The language of the statute is clear." (*Blackman v. Burrows, supra*, 193 Cal.App.3d at p. 894.) Each moving party *shall* support their motion for summary judgment with a separate statement. But even if the failure to file a separate statement is not a sufficient ground to deny the motion (see *Kulesa v. Castleberry* (1996) 47 Cal.App.4th 103, 112-116 [54 Cal.Rptr.2d 669]), the separate statement and documentation on which Hales, Etienne, and H, H & E relied did not provide a basis for granting summary judgment in their favor. The separate statement mentions Hales, Etienne, and H, H & E only in terms of their initial involvement in the dissolution action. It does not set forth facts relating to their alleged malpractice that they contend are not in dispute. Without such factual assertions, the court's grant of summary judgment was improper. (*Wilson v. Blue Cross of So. California* (1990) 222 Cal.App.3d 660, 671 [271 Cal.Rptr. 876].)

There is another procedural flaw in the motion for joinder. Section 437c, subdivision (a) requires that "[n]otice of the motion [for summary judgment]

and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing." When notice is served by mail within California, "the required 28-day period of notice shall be increased by five days . . . ." (§ 437c, subd. (a); see also *St. Mary Medical Center v. Superior Court* (1996) 50 Cal.App.4th 1531, 1538 [58 Cal.Rptr.2d 182].) Seely, Diehl, and S & R filed their motion for summary judgment/adjudication on May 26, 1999, and requested a hearing date of June 23. Hales, Etienne, and H, H & E did not file their notice of the motion for joinder until June 1, 22 days before the hearing. Even under the more lenient 28-day notice requirement, the motion for joinder was untimely and should have been denied.

## DISPOSITION

The judgment is reversed and remanded. On remand, the superior court shall enter an order granting appellant's request for a continuance and granting leave to file a supplemental opposition to the summary judgment motion. The court shall also deny respondents Hales, Etienne and H, H & E's joinder motion. Appellant shall recover her costs on appeal.

O'Leary, J., and Moore, J., concurred.