Filed 4/8/14  Biglay v. Berkowitz CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TRACY BIGLAY et al., | B246513 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. EC056345) |
| v. | |
| MAURICE BERKOWITZ et al., | |
| Defendants and Respondents. | |

APPEALS from judgments of the Superior Court of Los Angeles County. Donna Fields, Judge.  Affirmed.

Kenneth M. Sigelman & Associates, Kenneth M. Sigelman, Penelope A. Phillips for Plaintiffs and Appellants.

LaFollette, Johnson, DeHaas, Fesler & Ames, Don Fesler, David J. Ozeran for Defendant and Respondent Maurice Berkowitz.

Reback, McAndrews, Kjar, Warford, Stockalper & Moore, Patrick Stockalper, Harlan Petoyan for Defendant and Respondent Robert Pereyra.

_____

Appellants did not file a substantive opposition to respondents' motions for summary judgment, and instead sought a continuance pursuant to Code of Civil Procedure section 437c, subdivision (h).[1] The declaration accompanying the request for continuance failed to explain what facts could be obtained through additional discovery that would justify an opposition. The declaration was therefore deficient, and the trial court did not err by denying a continuance and granting summary judgment.

## BACKGROUND

The complaint in this matter was filed in July 2011. The plaintiffs, Michael Biglay and Tracy Biglay, alleged that the defendants, Maurice Berkowitz, M.D., East Valley Hematology & Oncology Medical Group, Inc., Robert Pereyra, M.D., and Foothill Surgical Specialists, negligently failed to possess or exercise the requisite degree of knowledge or skill in their treatment of Michael Biglay. Michael Biglay stated a claim for medical malpractice and Tracy Biglay, his wife, stated a claim for loss of consortium.

Following the filing of the complaint, Michael Biglay died. A first amended complaint was filed by Tracy Biglay in May 2012, on behalf of herself and as guardian ad litem for the couple's two minor children. The first amended complaint contained three causes of action: (1) wrongful death; (2) loss of consortium; and (3) recovery of medical expenses.

In September 2012, Berkowitz and Pereyra separately moved for summary judgment. They argued that the care and treatment they rendered to Michael Biglay met the standard of care, and that their acts and omissions did not cause or contribute to Michael Biglay's death. Briefly, Pereyra contended that there was no viable surgical treatment he could have performed to alleviate Michael Biglay's cancer symptoms, and Berkowitz argued that Michael Biglay's decision to decline intravenous chemotherapy treatment resulted in a negative outcome, a consequence that Berkowitz explicitly advised was likely to occur. Both defendants' motions were supported by declarations

---

[1] Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

2

from medical expert witnesses.  At the time the motions were filed, trial was set for January 7, 2013.

On November 21, 2012, plaintiffs filed a perfunctory opposition to the motions for summary judgment.  The opposition contained no argument relevant to the points raised in the moving papers, but instead simply requested that a continuance of the motion be ordered so as to permit additional discovery pursuant to section 437c, subdivision (h).

Accompanying the opposition was a declaration from Kenneth Sigelman, plaintiffs' attorney.  Sigelman declared that there are two attorneys in his office, and that on October 9, 2012, they both began trial in a medical negligence case in San Diego.  Closing arguments were not completed until November 20, 2012, and the jury was currently deliberating at the time of the declaration.  Sigelman stated that during the trial, and in the weeks leading up to the trial, it was "virtually impossible" for either attorney to take a deposition in another case.

Sigelman's declaration went on to state that another trial for which he and his associate were responsible was scheduled to begin in September 2012, and a total of four motions for summary judgment were heard in the matter in July 2012.  Trial was not continued in that case until weeks before the scheduled commencement.  Thus, during the summer months, Sigelman's time was devoted primarily to the case that went to trial and the case involving four summary judgment motions.

Sigelman further stated that his office contacted opposing counsel in the instant case, requesting that their motions for summary judgment and the trial date be continued, but no agreement was reached.  His declaration concluded:  "I am informed and believe that facts essential to justify opposition to the pending motions for summary judgment . . . will be elicited during the depositions of Defendants MAURICE BERKOWITZ, M.D., and ROBERT PEREYRA, M.D., which have not yet been taken for the reasons set forth above."

On November 27, 2012, plaintiffs applied ex parte for an order continuing the trial date.  The trial court granted the ex parte application, setting trial for July 29, 2013.

3

The motions for summary judgment were heard on December 5, 2012. The trial court noted that the Sigelman declaration did not state "what essential evidence exists and cannot yet be presented and reasons why they cannot be presented." The court further stated that plaintiffs had over a year to take the depositions of defendants but had not done so. It denied plaintiffs' requests for a continuance, and, finding that Pereyra and Berkowitz met their burden in moving for summary judgment, entered judgment in their favor.

Plaintiffs timely appealed.

## DISCUSSION

Plaintiffs argue that the Sigelman declaration submitted in opposition to the motions for summary judgment complied with section 437c, subdivision (h), and therefore a continuance was mandated. Plaintiffs further contend that, even if the declaration did not strictly comply with section 437c, subdivision (h), the trial court abused its discretion by denying a continuance.

Section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." "Subdivision (h) was added to section 437c "'to mitigate summary judgment's harshness'"" as to "'an opposing party who has not had an opportunity to marshal the evidence.' [Citation.]" (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 253 (*Cooksey*).)

The law on the standard for continuances under section 437c, subdivision (h) is somewhat conflicted. A continuance has been deemed "virtually mandated" and "mandatory" upon submission of a declaration meeting the requirements of section 437c, subdivision (h). (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 395; *Lerma v.*

4

*County of Orange* (2004) 120 Cal.App.4th 709, 714.)  This standard has recently been questioned, however, with one court noting that a mandatory continuance is "not compelled by the terms of the statute," which allow a trial court to deny summary judgment, grant a continuance, or "'*make any other order as may be just*.'  (§ 437c, subd. (h), italics added.)  This third option would appear to encompass a denial of relief, and plainly contemplates an exercise of discretion, presumably to be informed by the kind of factors traditionally considered in such contexts, including the requesting party's diligence or lack thereof."  (*Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1038, fn. 7.)

We need not analyze at length the correct interpretation of section 437c, subdivision (h), though, because the Sigelman declaration—which simply stated "facts essential to justify opposition" would be elicited during the deposition of Berkowitz and Pereyra—clearly did not comply with the statute.  "Code of Civil Procedure section 437c, subdivision (h) requires more than a simple recital that 'facts essential to justify opposition may exist.'  The affidavit or declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence." (*Lerma v. County of Orange*, *supra*, 120 Cal.App.4th at p. 715.)  The Sigelman declaration detailed no facts whatsoever.  As explained by the *Lerma* court, "The statute cannot be employed as a device to get an automatic continuance by every unprepared party who simply files a declaration stating that unspecified essential facts may exist. The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented."  (*Id.* at p. 715-716; see also *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548; *Cooksey*, *supra*, 123 Cal.App.4th at p. 255.)

Although the Sigelman declaration may have attempted to explain why the press of business made obtaining evidence difficult, it did not explain what facts existed that were likely to make a difference to the outcome of the summary judgment motion.  The posture of this case—a medical malpractice case alleging negligent care and treatment, and failure to disclose a significant risk—did not naturally lead to an inference that summary judgment could be opposed only through the depositions of respondents, or that

5

their depositions would likely yield triable issues of material fact. The motions for summary judgment were supported by expert declarations. To adequately oppose the motions, plaintiffs likely needed an expert opinion supporting their case. As informed consent was an issue raised by the complaint and the summary judgment motions, expert testimony was particularly appropriate. (See *Betterton v. Leichtling* (2002) 101 Cal.App.4th 749, 756 [While the decision "to disclose a significant risk is not a matter reserved for expert opinion[,] [w]hether a particular risk exists . . . may be a matter beyond the knowledge of lay witnesses, and therefore appropriate for determination based on the testimony of experts."].) The Sigelman declaration did not discuss any attempts to procure an expert opinion, or even state that an expert would need to review respondents' depositions before rendering an opinion.

But, the bottom line is, plaintiffs never explained how the depositions would lead to triable issues of material fact. Did plaintiffs believe that the medical records contained falsehoods that would be exposed during the depositions? Did they think the depositions would show that the opinions of the respondents' experts were based on a factual foundation that was subject to dispute? Those are just a few of the possibilities. Having no explanation of what relevant facts may have been gleaned from the depositions of Berkowitz and Pereyra, the declaration failed to meet the requirements of section 437c, subdivision (h).

The analysis then turns to whether the trial court should have employed its broad discretionary power to grant a continuance. (*Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532.) We review the trial court's denial of a continuance for an abuse of discretion. (*Cooksey*, *supra*, 123 Cal.App.4th at p. 254.)

No abuse of discretion is apparent. The failure of the Sigelman declaration to detail necessary facts was alone enough to deny the request for a continuance. (*Cooksey*, *supra*, 123 Cal.App.4th at p. 255.) Furthermore, the trial court could appropriately consider plaintiffs' lack of diligence in seeking discovery. (*Id.* at p. 257; *Rodriguez v. Oto*, *supra*, 212 Cal.App.4th at p. 1038.) Although the Sigelman declaration may have provided a plausible excuse for the failure to take defendants' depositions in the period

6

immediately preceding the opposition to the summary judgment motions, the declaration did not explain why the depositions could not have been taken in the more than year-long period since the case was filed. Indeed, the declaration made no showing that the plaintiffs had engaged in any discovery, and the record indicates that by the time their opposition was due, plaintiffs had merely propounded form interrogatories. Given these deficiencies, the trial court was perfectly within its rights to deny a continuance.[2]

## **DISPOSITION**

The judgments are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

I concur:


ASHMANN-GERST, J.

---

[2]    The lack of any apparent prejudice to defendants if a continuance had been granted does not evidence an abuse of discretion. An absence of prejudice "does not relieve [plaintiffs] from making the requisite showing in support of [a] request for a continuance" under section 437c, subdivision (h). (*Cooksey, supra,* 123 Cal.App.4th 246, 259.)

I dissent.

Section 437c, subdivision (h), "mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that additional time is needed to obtain facts essential to justify opposition to the motion. [Citations.]" (*Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 253-254.) Subdivision (h) was added to section 437c to mitigate the harshness of summary judgment on "an opposing party who has not had an opportunity to marshal the evidence." (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 770.) Requests for a continuance under section 437c, subdivision (h) are to be liberally granted. (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 634 (*Frazee*).)

In this case, a continuance was denied and summary judgment granted, despite the parties' failure to schedule and take defendants' depositions, precluding plaintiffs from obtaining relevant evidence necessary to oppose defendants' motions.

The declaration submitted in support of plaintiffs' request for a continuance set forth the reasons why defendants' depositions had not been taken. Plaintiffs' counsel Sigelman explained that there are only two attorneys in his office, and that both attorneys spent most of the summer of 2012 preparing for a September trial in a medical negligence case, including litigating four motions for summary judgment that were heard in July of 2012. Sigelman stated in his declaration that both he and his associate were engaged in a jury trial of another medical negligence case in October and November of 2012 and that during the weeks preceding that trial, it was impossible for either of them to devote time to deposition discovery in other matters. Sigelman further stated that his office contacted defendants' counsel to request that the summary judgment motions and the trial date be continued for a period of time to allow discovery to be completed.

Sigelman's declaration makes the requisite good faith showing that plaintiffs needed additional time to obtain facts essential to oppose the summary judgment motions. Plaintiffs sought a continuance to enable them to depose Michael Biglay's treating physicians, an essential source of information pertaining to the exercise of the standard of care in this medical negligence case.

Case authority in this area underscores the necessity of a continuance when the testimony of a critical witness is not available to oppose summary judgment. In *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389 (*Bahl*), and in *Frazee, supra*, 95 Cal.App.4th 627, the appellate courts held that a continuance was required because the plaintiffs in both cases had demonstrated that they could not prepare their respective oppositions to the motions for summary judgment because transcripts for critical depositions had not yet been received. (*Bahl*, at p. 396; *Frazee*, at p. 635.)

Defendants conceded during oral argument that they would not have been prejudiced by a continuance of the summary judgment motion. They could not have been prejudiced, because the trial court had already granted plaintiffs' ex parte application to continue the trial date. The ex parte application to continue the trial date was based on the identical reasons given in plaintiffs' request to continue the summary judgment motion. The trial court found those reasons constituted good cause to continue the trial date, even though trial continuances are disfavored (Cal. Rules of Court, rule 3.1332(c) ["continuances of trial are disfavored"]), but not to continue the summary judgment motion, when "such continuances are to be liberally granted." (*Bahl, supra*, 89 Cal.App.4th at p. 395; *Frazee, supra*, 95 Cal.App.4th at p. 634.)

Although a motion for a continuance rests within the sound discretion of the trial court, the court must exercise its discretion """"with due regard to all interests involved, and the refusal of a continuance which has the practical effect of denying the applicant a fair hearing is reversible error. [Citations.]"' [Citation.]" (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.) Given the totality of the circumstances presented here, the trial court abused its discretion in denying plaintiffs' request for the continuance. The judgment accordingly should be reversed.

_____, J.
CHAVEZ

2