Filed 6/30/21  Dvir v. Ten Tech CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GIL DVIR,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TEN TECH, LLC et al.,<br><br>    Defendants and Respondents. | B296576<br><br>(Los Angeles County<br>Super. Ct. No. BC661513) |

APPEAL from an order of the Superior Court of Los Angeles County, Barbara Meiers, Judge.  Reversed and remanded.

Benedon & Serlin, Douglas G. Benedon and Kelly Riordan Horwitz; Reisner & King, Tessa M. King and Adam J. Reisner, for Plaintiff and Appellant.

M.E.T.A.L. Law Group, W. Dan Lee and Ashley J. Lee, for Defendants and Respondents.

In this employment litigation matter, we consider whether the trial court erred in granting summary judgment for the defendants before the plaintiff obtained discovery on a key factual issue: whether the defendants employed the five or more individuals necessary to come within the strictures of several Fair Employment and Housing Act (FEHA) provisions.

## I

Plaintiff and appellant Gil Dvir (Dvir) went to work for defendant and respondent Ten Tech, LLC (Ten Tech) in December 2015, and he was fired just shy of six months later, in June 2016. Husband and wife William Villers and Connie Yokogawa (also a defendant) were the members of Ten Tech and worked, respectively, as Ten Tech's Director of Engineering and Operations Manager. It is undisputed that at the relevant time Ten Tech employed two people other than Dvir: Mark Sipperley (Sipperley) and Benson Tu (Tu). The question of whether Ten Tech employed anyone else beyond these three during the relevant time was very much disputed and is key to our resolution of this appeal.

## A

Yokogawa, incorporating comments provided by Villers, gave Dvir his first performance review just two months into the job, in February 2016. His performance was rated satisfactory in all evaluation categories but he was counseled that Ten Tech would like to see "much greater speed of execution" in all tasks as well as more initiative from him.

At Dvir's next performance review in April 2016, Dvir told Yokogawa (for the first time, according to Yokogawa) that he suffered from Irritable Bowel Syndrome (IBS). Yokogawa suspended the review, discussed Dvir with Villers, and did some research on IBS. The performance review recommenced the following day and Yokogawa told Dvir he could take restroom breaks as frequently as needed. The written performance review form Dvir was given informed him his work quality was "[n]ot bad, but not good" and his time management skills needed improvement so project due dates would be met. The form also stated: "Medical condition is not an issue with Company, but work efficiency and quality should not be excused due to the condition. No missing due dates will be excused after this meeting."

The following month, Villers asked Dvir to complete a PowerPoint presentation for Mercury, one of Ten Tech's clients. Shortly before it was due, Dvir told Villers it was 65 percent done. But on the project's due date, June 3, 2016, it was still incomplete; according to Villers, Dvir had done virtually no work on the project (Dvir would later assert he was waiting to incorporate data he had not received from others at the company). Villers fired Dvir that same day and Yokogawa mailed him his final check.

B

Dvir sued Ten Tech after being terminated at the company. His operative complaint alleged five causes of action under FEHA: discrimination based on disability (his IBS), harassment based on disability, retaliation based on disability, failure to accommodate a disability, and failure to engage in an interactive

process related to his disability. The complaint also alleged other causes of action for sundry alleged wrongs: jury service retaliation, failure to timely pay wages, failure to indemnify work-related expenses, violation of California's unfair competition law, whistleblower retaliation, negligent misrepresentation, wrongful termination in violation of public policy, and intentional infliction of emotional distress.

Defendants filed a motion for summary judgment, or summary adjudication in the alternative, (for simplicity, the "summary judgment motion" or "motion for summary judgment") in June 2018. The sole ground on which defendants sought adjudication of the FEHA-based claims in their favor was the contention that Ten Tech undisputedly did not regularly employ five or more individuals. Recognizing that regulations as they existed at the time defined "regularly employing" as employing five or more individuals in any 20 consecutive weeks in the current or preceding calendar year, defendants argued Villers and Yokogawa were not employed by Ten Tech (instead they were the members thereof) and the company employed only three people at the relevant time: Dvir, Sipperley, and Tu.

A month later, while defendants' summary judgment motion was still pending (and before Dvir's opposition was due on August 3, 2018), Dvir filed an ex parte application to compel depositions of Sipperley and Tu and to continue the summary judgment hearing for one month. Dvir argued defendants had refused to produce Sipperley and Tu for their depositions and their testimony was important to opposing the summary judgment motion because they "not only worked with [Dvir] but may have witnessed [his] allegations." Defendants opposed Dvir's application.

4

The trial court held a hearing on Dvir's ex parte application and took the matter off calendar because the parties had resolved their dispute. According to a minute order (no reporter's transcript or substitute therefor is included in the appellate record), defendants and Dvir agreed on a date for Tu's deposition and agreed Sipperley would be separately subpoenaed to appear. The court's minute order further states that "[n]o continuance of the [s]ummary [j]udgment motion will be granted on the basis of a need to conduct any of this very belated discovery by [Dvir]."

On July 26, 2018, roughly a week before Dvir's opposition to the summary judgment motion was due, Dvir filed a "Motion for an Order Compelling the Depositions of Defendant Ten Tech, LLC's PMK, . . . Yokogawa, and Sara Grasso, and Request for Production of Documents . . ." (the motion to compel). Briefly summarized, the motion to compel argued Dvir's attorney had suspended completion of Yokogawa's earlier deposition in May 2018—when Yokogawa mentioned documents in her possession that had not been produced, including Ten Tech payroll records, meeting minutes, and checkbook stubs—and counsel for defendants had since refused to produce these documents or to permit completion of Yokogawa's deposition.[1] The motion to compel also argued defendants were obligated but refusing to produce Sara Grasso (Grasso) for deposition—an individual Dvir contended was employed by Ten Tech during the relevant time period (defendants contended she was an independent

---

[1] Yokogawa's May 2018 deposition took place before defendants filed their summary judgment motion in June 2018. As already explained, that motion argued Ten Tech was not subject to FEHA because the company did not employ five or more people.

5

contractor).  The motion to compel explained the additional requested discovery was "directly at issue in this case where [d]efendants claim they had less than five employees during [Dvir's] employment, and are therefore not subject to FEHA for some of [Dvir's] allegations."  The motion to compel further referenced the upcoming deadline for Dvir's summary judgment opposition and stated Dvir was being "forced to file his opposition without this necessary evidence."

Dvir's motion to compel was set for hearing on the same day as defendants' summary judgment motion.  In advance of that hearing, Dvir filed his summary judgment opposition by the previously set due date, August 3, 2018.  On the issue of the number of individuals employed by Ten Tech, the opposition argued, among other things, there were at least five or more such people: Dvir, Tu, Sipperley, Grasso, and two others—an individual identified only by the name "Farzan" and Moon Mitchell Gim (Gim).[2]  Importantly, however, the opposition and a supporting declaration from counsel reiterated Ten Tech had not produced discovery that may more definitively show who Ten Tech employed and the inability to obtain this discovery was alone grounds to deny the summary judgment motion.[3]

---

[2]    Dvir relied only on Tu's deposition testimony and Ten Tech Employment Development Department reports in an effort to argue Farzan and Gim were employees.

[3]    The opposition argued:  "The number of persons on the payroll, not the number working on any particular day, is determinative of the number of employees an employer regularly employs.  Here, [d]efendants have failed to produce to [Dvir] their payroll records despite discovery requests that they do so, resulting in a motion to compel currently on calendar.  [Citation.]

6

At a hearing on the summary judgment motion and the motion to compel, the trial court repeatedly cited the absence of evidence about Ten Tech's "books and records" as reason to conclude Ten Tech did not have five or more employees and to summarily adjudicate the FEHA claims (other than the disability harassment cause of action, which requires proof of only one employee, not five or more (see generally Gov. Code, § 12940, subd. (j)(4)(A))), in defendants' favor. The court stated it did not understand the "struggling in this case over how many employees [Ten Tech] had" because "the source for that sort of information is books and records of the company, not all these interviews with people about how many employees were there and who worked there, when, because whether or not someone is an employee for the purposes of [FEHA] is a legal determination and you have to start with the books and records of the company." Confronted with the pending motion to order production of such records, the trial court asked counsel for defendants whether Dvir had requested production of payroll records and other "back-office documents." Defense counsel told the court that such materials were "not in their request for production." The court denied the

---

Under [Code of Civil Procedure section 437c] this is grounds to deny the [summary judgment motion] in its entirety and/or to strike it." A declaration from Dvir's attorney similarly stated: "Dvir was denied the ability to take needed discovery by [d]efendants, including the continued deposition of PMK Yokogawa, the deposition of employee[ ] Sara[ ] Grasso, and . . . [d]efendants continue to fail to produce necessary and needed documents in this case, including Ten Tech's payroll records for the years of 2015 and 2016 when Dvir was employed."

7

motion to compel from the bench without elaboration and took the summary judgment motion under submission.

In a subsequent written ruling, the trial court granted summary adjudication of all claims except Dvir's second cause of action for disability harassment under FEHA. Most relevant for our purposes, the court found all of the non-harassment FEHA claims failed because there was no evidence on which a factfinder could rely to conclude Ten Tech employed five or more people. The court reasoned Yokogawa or Villers could not be considered employees of the company (instead, they were limited liability company members), but the court said nothing about whether any other individuals (e.g., Grasso, Farzan, or Gim) could—with or without additional discovery—be considered regularly employed by Ten Tech during the relevant time.

After the trial court summarily adjudicated all but the FEHA disability harassment claim in defendants' favor, the parties settled that claim to resolve the case, at least for purposes of taking an appeal. Defendants then asked the trial court to order Dvir to pay their trial court costs of $4,369.95. The trial court agreed, finding as necessary to permit assessment of costs regarding the FEHA claims that they were frivolous. The court entered judgment for defendants and this appeal ensued.

II

The summary judgment statute, Code of Civil Procedure section 437c, requires courts to deny a summary judgment motion, or order a continuance, when affidavits opposing summary judgment reveal that facts essential to opposing the motion may exist but cannot be presented. (Code Civ. Proc., § 437c, subd. (h).) This was the scenario the trial court

8

confronted and yet the court granted summary judgment for defendants, without ordering a continuance. We will rectify the error.

"Section 437c, subdivision (h) of the Code of Civil Procedure provides that a motion for summary judgment or adjudication shall be denied, or a continuance shall be granted, '[i]f it appears from the affidavits submitted in opposition . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented . . . .' The nonmoving party seeking a continuance 'must show: (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]' (*Wachs v. Curry* (1993) 13 Cal.App.4th 616, 623[ ].) The decision whether to grant such a continuance is within the discretion of the trial court. (*FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 72[ ].) But . . . the interests at stake are too high to sanction the denial of a continuance without good reason." (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633-634 (*Frazee*).)

Defendants' principal rejoinder to Dvir's argument that the trial court should have denied their summary judgment motion to permit discovery (or continued the motion hearing to a later date) is the claim that "there is no record showing that [Dvir] ever asked for a continuance under [Code of Civil Procedure section 437c, subdivision (h)], other than the ex parte application of July 5, 2018."[4] A specific request for a continuance, however, is not

---

[4] The only other argument defendants offer (other than platitudes about the presumption of correctness that applies to a trial court judgment) concerns the trial court's denial of Dvir's July 5, 2018, ex parte application to continue the summary

9

required; Dvir was entitled to denial of the summary judgment motion—unless the court instead opted to continue the hearing— and he did ask for exactly that.

Dvir's opposition to defendants' motion for summary judgment or summary adjudication stated "[d]efendants have failed to produce to [Dvir] their payroll records despite discovery requests that they do so, resulting in a motion to compel currently on calendar. . . . Under [Code of Civil Procedure section] 437c this is grounds to deny the [motion] in its entirety and/or to strike it."  A declaration from counsel for Dvir that accompanied his opposition averred Dvir had been denied the ability to complete Yokogawa's deposition, to depose Grasso, and to obtain production of Ten Tech's payroll records and other "needed documents" pertaining to "the years of 2015 and 2016 when Dvir was employed."[5]  In the words of section 437c, subdivision (h), it

_____

judgment hearing to allow for deposing Sipperley and Tu.  They argue that ruling was not erroneous because Dvir's application "failed to satisfy the requirements" of Code of Civil Procedure section 437c, subdivision (h).  Specifically, defendants argue the application was deficient because it did not detail who should be deposed beyond Sipperley and Tu and their depositions were completed before the summary judgment hearing.  Even if defendants are correct that denial of Dvir's *ex parte application for a continuance* does not warrant reversal, reversal is still required.  As we shall explain, Dvir's summary judgment opposition (particularly when viewed in light of the motion to compel heard at the same time) established denial of the summary judgment motion or a continuance of the motion hearing was required.

[5]     The declaration additionally stated Dvir was "attempting to serve former employee Farzan with a subpoena for his deposition."

10

accordingly "appear[ed] from the affidavits submitted in opposition . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented."  The trial court (perhaps relying at least in part on inaccurate representations from defense counsel at the summary judgment hearing[6]) nevertheless granted summary judgment and denied the request to compel additional discovery that may bear on the number of individuals employed by Ten Tech.  "Because the Legislature has provided for the fairly lenient granting of continuances to oppose summary judgment motions," the trial court abused its discretion by not denying defendants' summary judgment motion—or at

---

[6]     Recall that on the question of whether Ten Tech employed five or more individuals such that the company would be required to comply with certain FEHA provisions, the trial court thought the best evidence would be the books and the records of the company and believed—wrongly—that Dvir "never obtained or sought to obtain" those materials.  The court specifically asked counsel for defendants if Dvir asked for "payroll records, all of the bookkeeping, you know, entries and things that might pertain to what somebody's status was within the company" and counsel responded, "That's not in their request for production."  This representation was not accurate: Dvir's deposition notices for Yokogawa (as a person most knowledgeable) requested "[a]ny and all DOCUMENTS demonstrating YOUR general characteristics, including, but not limited to: YOUR type of business, locations, hours of operation, *number of employees*, supervisors, managers, and parent companies or business owners," (emphasis ours); Dvir's attorney sent a meet and confer letter before filing the motion to compel reiterating a request for Ten Tech's payroll records, meeting minutes, and check stubs; and the motion to compel itself asked the trial court to order production of these documents.

least by not continuing the motion hearing to permit obtaining the requested discovery. (See, e.g., *Frazee*, *supra*, 95 Cal.App.4th at 635.)

Reversal and a remand for further proceedings is therefore required. The requested discovery that the trial court erroneously did not permit may be most relevant to Dvir's remaining FEHA-based claims but we cannot say for certain. For that reason, and light of our reversal of the judgment, there is no need to now decide the propriety of the trial court's summary adjudication of the other causes of action (though our reversal will also necessarily vacate the trial court's costs award). That can be deferred for later appellate court proceedings—if there is a need.

## DISPOSITION

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion, which may include a renewed motion for summary judgment after Dvir has the opportunity to obtain the requested discovery into the number of individuals employed by Ten Tech during the relevant time. Dvir shall recover his costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We concur:

12

RUBIN, P. J.

MOOR, J.