[No. B105716. Second Dist., Div. Six. Oct. 7, 1997.]

MILES JOEL KAPLAN, Plaintiff and Appellant, v.
BARRY T. LaBARBERA, as District Attorney, etc., et al., Defendants
and Respondents.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Miles Joel Kaplan, in pro. per., for Plaintiff and Appellant.

Hall & Hieatt, Clayton U. Hall and Susan R. Loh for Defendants and Respondents.

**OPINION**

**GILBERT, J.**—Here we conclude that county government and its employees have immunity from liability for actions taken to collect child support from plaintiff. [[/]]* We affirm.

### FACTS

Miles Joel Kaplan sued the San Luis Obispo County District Attorney's Office, the district attorney, a deputy district attorney, a family support division supervisor and a family support officer.

Among Kaplan's claims is that the defendants failed to properly apply the guideline formula for child support in determining his obligation; failed to agree to a modification of his child support obligation; falsely represented that no judge would modify his child support; used intimidation, undue influence and duress; had his real estate license suspended; collected child support from the proceeds of a settlement in his personal injury action; and left him destitute. Kaplan's complaint alleged many causes of action under state law and a federal cause of action under 42 United States Code section 1983.

The defendants moved for summary judgment. They claimed they were immune from liability under state law pursuant to Government Code sections 821.6 and 815.2, subdivision (b). The individual defendants also claimed they had prosecutorial immunity from liability under 42 United States Code section 1983. The district attorney's office claimed that it was not liable under section 1983 because it was not the office's policy, custom or practice to violate anyone's civil rights.

In support of the motion, both the district attorney and the supervisor of his office's family support division declared that at no time has the office or its support division ever formally or informally implemented a policy or adopted a custom or usage which requires its "attorneys or officers to neglect, alienate, abandon, threaten, misrepresent, mistreat, oppress, defraud, injure, intimidate or conspire against the non-custodial parents involved in child support cases handled by the Family Support Division."

The defendants' attorney also declared that during an arbitration hearing on March 27, 1996, Kaplan admitted "he had no evidence of the Support Division implementing an adopted or unadopted policy or practice which promulgated the mishandling of child support cases."

---

*See footnote, *ante,* page 175.

In opposition to the motion, Kaplan submitted an affidavit that essentially restated the allegations of his complaint. He did not contest the defendants' declarations that the district attorney's office had no policy, custom or practice to deprive anyone of their civil rights. Nor does the record disclose any separate statement of undisputed and disputed facts. (Code Civ. Proc., § 437c, subd. (b).)

The trial court granted the motion.

## Discussion

## I

Summary judgment is properly granted only if all papers submitted show there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The court must draw all reasonable inferences from the evidence set forth in the papers except where such inferences are contradicted by other inferences or evidence which raise a triable issue of fact. (*Ibid.*) ▮ In examining the supporting and opposing papers, the moving party's affidavits or declarations are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. (*Szadolci* v. *Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356].)

The party opposing the motion is required to submit a separate statement of disputed and undisputed facts corresponding to the moving party's separate statement. (Code Civ. Proc., § 437c, subd. (b).) The failure of the opposing party to comply with this requirement may in the court's discretion constitute sufficient grounds for granting the motion. (*Ibid.*)

▮ Here although the defendants submitted a separate statement in support of their motion, the record does not disclose a separate statement submitted by Kaplan. That alone is a sufficient ground to uphold the trial court's grant of the motion. (Code Civ. Proc., § 437c, subd. (b).) There are other grounds also.

## II

### *Causes of Action Based on State Law*

All of Kaplan's causes of action arise from the defendants' role in collecting child support from Kaplan.

Government Code section 821.6 provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

There is no dispute here that if the defendant public employees committed any of the acts alleged in the complaint, the acts were committed while prosecuting a judicial proceeding within the scope of their employment. Thus the employees are immune from liability under Government Code section 821.6.

Kaplan appears to contend the employees are not immune because their acts were ministerial in nature. Although the distinction between ministerial and discretionary acts may be important for immunity under Government Code section 820.2, the plain language of section 821.6 shows prosecutorial immunity is not limited to discretionary acts.

Because the public employees are immune from liability, the district attorney's office and its family support division are also immune. Government Code section 815.2, subdivision (b) provides, "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

Kaplan has pointed to no applicable statutory exception.

III

*Federal Cause of Action Under 42 United States Code Section 1983*

■ State immunity statutes do not offer protection from actions brought under 42 United States Code section 1983. Nevertheless, there is immunity from liability under section 1983 for prosecutors acting within the scope of their duties. (*Imbler* v. *Pachtman* (1976) 424 U.S. 409 [96 S.Ct. 984, 47 L.Ed.2d 128].) The immunity has been extended beyond criminal proceedings to cover other prosecutorial duties. (See *Coverdell* v. *Dept. of Social & Health Services* (9th Cir. 1987) 834 F.2d 758, 762-764 [child dependency proceedings].) It has also been extended to cover those who assist the prosecutor in his duties. (*Ibid.* [social worker].)

Here there is no dispute that the individual defendants were either prosecutors acting within the scope of their duties, or employees who were assisting the prosecutors. They are immune from liability under 42 United States Code section 1983.

A public entity is liable under United States Code section 1983 only where an unconstitutional action implements or executes an officially adopted policy statement, ordinance, regulation or decision, or an unofficial custom. (*Monell* v. *New York City Dept. of Social Services* (1978) 436 U.S. 658, 690-691 [98 S.Ct. 2018, 2035-2036, 56 L.Ed.2d 611, 635].) The defendants' affidavits denying any such official policy or unofficial custom were uncontradicted. Also uncontradicted was the affidavit of the defendants' attorney declaring that Kaplan admitted he had no evidence of any such policy or custom. The public entities here have no liability under section 1983.

## [[IV]]*

The judgment is affirmed. Costs on appeal are awarded to respondents.

Stone (S. J.), P. J., and Yegan, J., concurred.

A petition for a rehearing was denied October 31, 1997.

---

*See footnote, *ante*, page 175.