Filed 6/24/14  Jones v. County of San Diego CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JEFFERY JONES,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF SAN DIEGO,<br><br>        Defendant and Respondent. | D064099<br><br><br>(Super. Ct. No. 37-2012-00054587-CU-FR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Jeffery Jones, in pro. per., for Plaintiff and Appellant.

Thomas E. Montgomery, County Counsel, and Stephanie A. Karnavas, Deputy County Counsel, for Defendant and Respondent.

Jeffery Jones sued the County of San Diego (the County) for damages allegedly caused by the County's miscalculation and misreporting of Jones's delinquent child support payments.  The County demurred on the ground of prosecutorial immunity.  The

trial court sustained the demurrer without leave to amend and entered a judgment of dismissal. Jones appeals. We affirm.

## FACTUAL BACKGROUND

"This case comes to us after the sustaining of a general demurrer; accordingly, the rule is that we accept as true all the material allegations of the complaint." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 7.) The facts as disclosed by Jones's pleadings are as follows:

In 1992, the El Dorado County Superior Court issued an order that Jones pay $187 per month for child support arrearages. In 1998, pursuant to a stipulation between Jones and the County's Office of the District Attorney, an order was entered in the San Diego County Superior Court requiring Jones to pay $398 in monthly child support going forward and $50 per month toward an accrued support obligation of $18,000. Over the following several years, Jones observed errors and inconsistencies in the crediting of his child support payments and the accounting of his child support obligations, some of which were corrected. The County allegedly violated the court's support order and kept a "secret set of books" in which it added a daily charge of $5 and interest to Jones's support obligations.

In 2004, "approximately $30,000 in bogus arrearages and interest" were reported to El Dorado County. By the end of 2007, "the fictitious obligations generated by the 1998 **abuse of authority** by [the County] continued to accumulate," adding approximately $36,000 to the account being maintained by El Dorado County. As a result of these arrearages, El Dorado County issued an order to suspend Jones's driver's license in December 2007. (See Fam. Code, § 17520.)

2

In November 2008, the "bogus amounts" reported by the County "disappeared" when El Dorado County "confirmed" the "bogus nature" of the reported charges and corrected Jones's account. Nevertheless, El Dorado County refused to rescind its order to suspend Jones's driver's license, despite numerous requests that it do so. As a result, in July 2010, Jones's work truck was "impounded on an 'unlicensed driver hold.' " The impoundment "deprived [Jones] of his transportation" and caused a "sudden and unexpected inability to perform his livelihood."

PROCEDURAL BACKGROUND

Jones sued the County, and in an amended complaint asserted counts labeled abuse of authority, negligence, and denial of due process. The gist of each count was that the County's inaccurate accounting and reporting of Jones's delinquent child support payments violated a court order and led to the suspension of his driver's license, impoundment of his truck, and destruction of his livelihood. Jones sought damages for lost income, the value of his impounded truck, the value of another vehicle that was repossessed, and pain and suffering.

The County generally demurred to the amended complaint on the ground, among others, that it was immune from liability under Government Code sections 815.2, subdivision (b) and 821.6.[1] (See Code Civ. Proc., § 430.10, subd. (e); *Samuel v.*

_____

[1] Government Code section 821.6 states: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Government Code section 815.2, subdivision (b) states: "Except as otherwise provided

3

*Stevedoring Services* (1994) 24 Cal.App.4th 414, 422 [defendant may raise immunity by general demurrer].) Jones filed opposition papers, and the County filed reply papers.

The trial court held a hearing on the demurrer, at which Jones submitted a proposed second amended complaint to the court for consideration. The court took the matter under submission and later issued an order sustaining the demurrer on the ground the County was statutorily immune from liability because Jones's counts were "premised on the allegation that [the County] performed negligent accountings during the course of a child support proceeding." The court also stated it had examined Jones's proposed second amended complaint, concluded it did not state a cause of action against the County, and denied Jones's request for leave to amend. The court entered a judgment dismissing Jones's action with prejudice.

## DISCUSSION

Jones claims to be the "victim of failures of the [County] to perform its legally mandated duties," and he "cries out to [this court] in the hope that the wisdom embodied therein may revive his recently dismissed [c]omplaint against the [County]." Jones suggests we may "be able to find a legally viable cause of action that [he] could amend into his complaint within the following allegations." Although we are not unsympathetic to Jones's plight, we must decline his invitation to revive the action because he has not met his appellate burden to show reversible error.

by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

4

It is well-settled that a judgment is presumed correct, and to obtain reversal an appellant must affirmatively show prejudicial error through reasoned argument, including citation of material facts in the appellate record, and discussion of applicable legal authority. (E.g., *In re Sade C.* (1996) 13 Cal.4th 952, 994; *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204 (*Flores*); *Overhill Farms, Inc. v. Lopez* (2010) 190 Cal.App.4th 1248, 1271.) "An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument." (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873.) "One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) " 'We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived.' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.)

Jones's briefing contains no cogent legal argument explaining how the trial court erred in sustaining the County's demurrer. Jones quotes statutes he contends the County violated when it charged interest on the $18,000 of child support arrearages he agreed to pay off in $50 monthly installments. (See Code Civ. Proc., § 685.020, subd. (b); Fam. Code, § 155.) But he does not explain why the statutory immunity provisions on which the trial court relied in sustaining the demurrer (Gov. Code, §§ 815.2, subd. (b), 821.6) do not apply to claims based on such violations. Although Jones cites *Scott v. County of Los Angeles* (1994) 27 Cal.App.4th 125, 144, which held the immunity does not apply to a claim for negligent supervision of foster care of children who are the subject of

5

dependency proceedings, he "does not relate [*Scott*] to the facts of this case or show how [it] appl[ies] to demonstrate error in the trial court's actions." (*Flores*, *supra*, 224 Cal.App.4th at p. 205.) Jones simply complains the County "crushed the livelihood and earning ability of a responsible parent of three children, [and] ruin[ed] the lives of [Jones] and his wife," and implores us to use our collective "wisdom" to "revive his recently dismissed [c]omplaint." Such emotional pleas, no matter how sincerely or strongly urged, cannot substitute for the persuasive legal argument the law requires before we may reverse a judgment on appeal. (See *Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 [" 'conclusory claims of error will fail' "]; *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 ["an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim"].)

Even if Jones had not forfeited his claim of error, he still would not prevail on appeal because the trial court correctly ruled the County is immune from liability for his claims. Under Government Code sections 815.2, subdivision (b) and 821.6, "county government and its employees have immunity from liability for actions taken to collect child support from [a parent]." (*Kaplan v. LaBarbera* (1997) 58 Cal.App.4th 175, 178 [immunity barred father's claims against district attorney and other county employees based on improper calculation of father's child support obligation and suspension of his real estate license]; see *Jager v. County of Alameda* (1992) 8 Cal.App.4th 294, 298 [immunity barred mother's claim for interference with economic relationship against county for improperly releasing child support judgment lien on property owned by

6

father].)  In his appellate briefing, Jones asserts this immunity does not apply because in "falsifying" his child support account, the district attorney and other County employees were not "prosecuting any judicial . . . proceeding within the scope of [their] employment."  (Gov. Code, § 821.6.)  But Jones cites no allegations of his pleadings and no legal authority that would support this assertion.  In his pleadings, Jones alleged as the basis of his claims against the County the existence of a " 'Lawsuit to Establish Child Support' " filed against him in 1998 by the district attorney, the County's failure to comply with the terms of a court order entered in that lawsuit regarding the crediting of Jones's child support payments, the County's transfer of inflated arrearage balances to El Dorado County for collection, and the resultant suspension of Jones's driver's license and destruction of his business.  Jones's lawsuit thus arises out of the County's use of judicial proceedings in an effort to collect child support payments from him.  Government Code sections 815.2 and 821.6, as interpreted and applied in *Kaplan* and *Jager*, bar his claims to the extent they are premised on state law.  To the extent Jones's due process claim is based on federal law (U.S. Const., 14th Amend., § 1; 42 U.S.C. § 1983), it fails because under federal law the district attorney and other County employees assisting in the collection of child support payments through judicial proceedings are immune from liability for federal civil rights claims based on their collection efforts.  (See *Imbler v. Pachtman* (1976) 424 U.S. 409, 431 [recognizing prosecutorial immunity]; *Kaplan*, at p. 180 [extending federal immunity to actions by district attorney and other county employees in attempting to collect child support

7

payments through judicial proceedings].)  The trial court thus correctly sustained the County's demurrer.

Jones also has not shown error in the trial court's order denying leave to amend. After a demurrer is sustained, the plaintiff has the burden to show how the complaint can be amended to state a cause of action.  (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742; *McAllister v. Los Angeles Unified School Dist.* (2013) 216 Cal.App.4th 1198, 1213.) Although the order indicates the trial court considered a proposed second amended complaint submitted by Jones, no copy of that complaint is contained in the record on appeal.  "The party seeking to challenge an order on appeal has the burden to provide an adequate record to assess error.  [Citation.]  Where the party fails to furnish an adequate record of the challenged proceedings, his claim on appeal must be resolved against him." (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46.)

Moreover, although a plaintiff may seek leave to amend for the first time on appeal (Code Civ. Proc., § 472c, subd. (a); *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 746), Jones does not clearly state in his briefing what facts and legal theories he would allege if given leave to file a second amended complaint.  At various points in his briefing, Jones seems to suggest he may have a claim based on the County's breach of a mandatory duty to maintain an accurate accounting of his child support obligations.  As purported support for such a claim, he cites Family Code section 4701 and Civil Code section 1798.45, but neither statute applies to his dispute with the County.  Family Code section 4701 concerns the reporting of court-ordered child support obligations and delinquent payments to credit-reporting agencies, which reporting is not involved in this

8

case.  Civil Code section 1798.45, subdivision (b) is part of the Information Practices Act of 1977 (Civ. Code, § 1798 et seq.), which concerns the privacy interest of individuals in their personal information.  The particular provision cited by Jones authorizes an individual to file "a civil action against an agency" when the agency "[f]ails to maintain any record concerning [the] individual with such accuracy . . . as is necessary to assure fairness in any determination relating to the . . . rights . . . of . . . the individual that may be made on the basis of such record, if, as a proximate result of such failure, a determination is made which is adverse to the individual."  (Civ. Code, § 1798.45, subd. (b).)  As used in this provision, however, the term "agency" expressly excludes counties.  (*Id.*, § 1798.3, subd. (b)(4); Gov. Code, § 6252, subd. (a).)  Furthermore, Jones has not explained why claims based on Family Code section 4701 or Civil Code section 1798.45, subdivision (b) (or any other claims he might assert against the County) would not be subject to the same prosecutorial immunity that barred the claims asserted in his prior pleadings.  Thus, were Jones to assert claims based on these statutes in a second amended complaint, they would fail as a matter of law.  "Of course, if the proposed amendment fails to state a cause of action, it is proper to deny leave to amend." (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230.)

Finally, in rejecting his challenge to the judgment, we are mindful that Jones is representing himself on appeal and claims to have gained "pleading skills" through "practice and research" so that "he CAN do a better job of stating his case, if given another opportunity."  Self-representation, however, does not allow a litigant to avoid the obligation to make an affirmative showing of error on appeal.  (*Rappleyea v. Campbell*

9

(1994) 8 Cal.4th 975, 984-985; *Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126; see *Flores*, *supra*, 224 Cal.App.4th at p. 205 ["The same rules apply to a party appearing in propria persona as to any other party."].)  We therefore conclude Jones's failure to provide an adequate record for us to assess error and his failure to state a cogent legal argument supported by authority establishing reversible error require us to affirm the judgment dismissing his action against the County.

DISPOSITION

The judgment is affirmed.


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


McINTYRE, J.