Filed 5/12/22  Harsini v. Lamm CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MIKE HARSINI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MIKI LAMM et al.,<br><br>    Defendants and Respondents. | B313547<br><br>(Los Angeles County<br>Super. Ct.<br>No. 19STCV20393) |

APPEAL from a judgment of the Superior Court of
Los Angeles County, Maureen Duffy-Lewis, Judge.  Affirmed.

Mike Harsini, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Lann G. McIntyre,
Daniel R. Velladao, Kathleen M. Walker and Jeffrey S. Healey for
Defendants and Respondents.

_____

Mike Harsini sued Belmont Village (Belmont) and Miki Lamm (collectively, defendants) for the wrongful death of his mother. Defendants filed a motion for summary judgment, and the trial court granted the motion. We conclude that Mike Harsini has forfeited his contentions by failing to provide a coherent statement of facts, failing to provide an adequate record, failing to cite to the record, and failing to articulate any pertinent or intelligible legal argument. Therefore, we affirm the judgment.

## BACKGROUND

In October 2017, Masomeh Harsini[1] moved into Belmont, a senior living facility. Masomeh was then 83 years old and suffering from dementia. On September 8, 2019, Masomeh passed away at the age of 84. Her certificate of death stated that the causes of death were congestive heart failure exacerbation, hypertension, and Alzheimer's dementia.

Following Masomeh's death, Mike brought an action against Belmont and Lamm, the executive director of Belmont, alleging elder abuse, violation of the Patient's Bill of Rights, negligence, and wrongful death. Among other things, Mike alleged that, throughout Masomeh's stay at Belmont, he and other family members had voiced complaints about the lack of care and decline of Masomeh's condition. He further alleged that defendants were aware of the substandard level of medical care provided to residents in their facilities but negligently and consciously disregarded these issues, and therefore directly caused Masomeh's death. The trial court sustained a demurrer

---

[1] We refer to Mike Harsini and Masomeh Harsini by their first names for the sake of clarity; we intend no disrespect.

as to all counts, but gave Mike leave to amend his causes of action for elder abuse and wrongful death.

On November 6, 2020, Mike filed the operative third amended complaint.[2] The trial court overruled defendants' demurrer and denied their motion to strike as to this complaint, but ordered that the wrongful death claim was the sole remaining cause of action.

On March 29, 2021, defendants moved for summary judgment on the wrongful death claim on the grounds that: (1) they had met the standard of care in the community for providing services to Masomeh; (2) the complaint failed to properly plead a cause of action for wrongful death; (3) defendants' conduct had not caused or contributed to Masomeh's death; and (4) Mike had admitted that the defendants were not negligent, as all of defendants' requests for admission issued to Mike had been deemed admitted by the trial court.

In support of their motion, defendants filed the declaration of Karen L. Josephson, M.D. Dr. Josephson, a board certified physician in internal and geriatric medicine, opined that Belmont and Lamm had properly assessed Masomeh, implemented appropriate care plans, and followed physicians' orders based on her review of Masomeh's medical records. Additionally, based on the records and her training and experience, Dr. Josephson stated that it was her professional opinion that the care provided to Masomeh met the standard of care in the community for evaluating, assessing and treating residents in a facility like

---

[2] The record indicates that Mike was initially represented by counsel in the trial court, but took over his own representation at some point prior to filing the operative complaint.

Belmont, and that no act or omission of the staff caused or contributed to Masomeh's injury or death. Dr. Josephson noted that Masomeh had an extensive medical history and comorbidities, including dementia and severe heart problems, and that her death was the result of the natural progression of her disease and comorbidities.

On April 14, 2021, Mike filed an "EX-PARTE NOTICE FOR HEARING ON DEMURRER WITH-MOTION TO STRIKE THE DEFENDANTS' REQUEST FOR SUMMARY JUDGMENT AND THE NOTICE-OF-LODGMENT," which the trial court denied the following day. On May 20, 2021, Mike filed a "Notice of Motion And Motion on Demurrer with Motion to Strike the Defendants's request for Summary Judgment And Notice-of-Lodgment" (the May 20 filing). Though not framed as an opposition to the motion for summary judgment, the May 20 filing addressed the declaration of Dr. Josephson and certain arguments raised in the motion for summary judgment in this motion. It did not, however, include a separate statement in opposition or signed expert declaration to controvert that of Dr. Josephson. The purported declaration of Mostafa Rahimi, M.D., attached to the May 20 filing, is actually a letter describing certain conversations Mike had with Dr. Rahimi, who apparently declined to provide a declaration in the absence of a subpoena.

On June 18, 2021, the trial court heard oral argument from the parties and granted summary judgment in favor of defendants. The trial court found that summary judgment was appropriate on the grounds that Mike failed to file an opposition to the motion for summary judgment; failed to provide any expert testimony controverting Dr. Josephson's declaration that defendants did not breach the standard of care; and failed to

4

respond to defendants' requests for admission, which had been deemed admitted, and which included admissions that Mike had no evidence that defendants breached the applicable standard of care.

Mike timely appeals.

## DISCUSSION

Mike contends the court erred in granting summary judgment, though the legal basis for this assertion is not entirely clear to the court. We conclude that Mike has forfeited any claim of error.

We are mindful that Mike is representing himself on appeal. A self-represented litigant is not entitled to "special treatment" (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524), but is held to the same standards as a party represented by counsel (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247). On appeal, the judgment or order challenged is presumed to be correct. (*Singman v. IMDB.com, Inc.* (2021) 72 Cal.App.5th 1150, 1151.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An "appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867; Cal. Rules of Court, rule 8.204(a)(1)(B).) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

An affirmative showing also requires an adequate appellate record and citations to the record. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 935; Cal. Rules of Court, rules 8.124(b),

5

8.204(a)(1)(C).) " ' "The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." [Citations.] It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. [Citation.] If no citation "is furnished on a particular point, the court may treat it as waived." ' " (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.) These principles apply to the appeal of any judgment, including a review of a summary judgment. (*Abdulkadhim v. Wu* (2020) 53 Cal.App.5th 298, 301.)

Mike has not met his burden on appeal. Mike fails to reasonably assist this court in our understanding of the facts or analysis of the issues he raises in this appeal. Mike's four-page opening brief misstates the sole cause of action at issue as defamation of character, and neither his opening brief nor his two-page reply brief contains a coherent statement of facts, citation to relevant legal authority, or a cogent explanation of how he was prejudiced by the summary judgment order.[3]

The only factual contention in Mike's opening brief that directly addresses the trial court's order is that Mike timely filed an opposition to the defendants' motion for summary judgment on June 4, 2021, contrary to what the trial court stated. However, Mike provides no citation to the appellate record in

---

[3] Both, however, are replete with ad hominem attacks on the trial court judge, counsel for defendants, and defendants' expert. While we are cognizant of the personal nature of this case for Mike, and we understand that he is grieving the loss of his beloved mother, such attacks have no place in an appellate brief and constitute potentially sanctionable behavior.

support of this claim or any other, as required by California Rules of Court, rule 8.204(a)(1)(C), and no opposition of that date is reflected in the index of Mike's appendix.  Mike's failure to include his opposition brief in the record renders any meaningful review of the issues on appeal impossible and precludes him from meeting his appellate burden. (See *Dawson v. Toledano* (2003) 109 Cal.App.4th 387, 402 [defendant who did not provide copy of summary judgment motion or opposition papers failed to supply adequate appellate record].)

Even if we look to the May 20 filing, which appears to have been also intended as an opposition to the motion for summary judgment, Mike failed to comply with the requirements set forth in California Rules of Court, rule 3.1350(e).  In particular, Mike failed to file a separate statement responding to each of the material facts contended by defendants (Cal. Rules of Court, rule 3.1350(e)(2); Code Civ. Proc., § 437c, subd. (b)(3)), which "alone is a sufficient ground to uphold the trial court's grant of the motion" (*Kaplan v. LaBarbera* (1997) 58 Cal.App.4th 175, 179).

In light of Mike's material noncompliance with rules of practice and procedure at both the appellate and trial court level, we conclude that Mike has forfeited any claim that the court erred in granting defendants' motion for summary judgment. (See *Kurinij v. Hanna & Morton*, *supra*, 55 Cal.App.4th at p. 867; *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP*, *supra*, 201 Cal.App.4th at p. 384.)

We are also satisfied, based upon our review of the limited record before us, that Mike would not prevail on the merits even if we were to reach them.  " ' "The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act),

7

the resulting death, and the damages, consisting of the *pecuniary loss* suffered by the *heirs*." ' " (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968.)  Mike has alleged that the tort that resulted in his mother's wrongful death was defendants' professional negligence with respect to Masomeh's medical care, i.e., medical malpractice.  " 'The elements of a cause of action for medical malpractice are:  (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage.' " (*Ibid.*)  "The first element, standard of care, is the key issue in a malpractice action and can only be proved by expert testimony, unless the circumstances are such that the required conduct is within the layperson's common knowledge." (*Ibid.*)  " ' "When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." ' " (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 607.)

Here, based on her extensive experience in geriatric medicine, Dr. Josephson opined that the care provided to Masomeh met the standard of care in the community, that no act or omission of Lamm or the Belmont staff caused or contributed to Masomeh's injury or death, and that Masomeh's death was the result of the natural progression of her disease and comorbidities. This satisfied defendants' burden to make a prima facie showing that their conduct fell within the community standard of care. The burden therefore shifted to Mike to controvert Dr. Josephson's opinion.

Mike did not carry this burden.  As discussed, to the extent that Mike filed an opposition to the summary judgment motion on June 4, 2021, we are unable to consider it as it is not part of the appellate record.  Although the May 20 filing contains a purported declaration of Dr. Rahimi, it is not a signed declaration from Dr. Rahimi, but merely a description of Mike's conversations with Dr. Rahimi.  Even if these statements were admissible, they do not reflect Dr. Rahimi's view as to whether the community standard of care was met by defendants.   The trial court therefore properly granted defendants' motion for summary judgment.  (See *Fernandez v. Alexander* (2019) 31 Cal.App.5th 770, 782 [summary judgment properly granted where "plaintiff presented no admissible evidence to controvert" defendant's expert declaration]; *Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 844 ["absence of opinion evidence" from plaintiff regarding standard of care "was fatal to his cause of action"].)

Thus, Mike's appeal is both procedurally and substantively defective.

**DISPOSITION**

The judgment is affirmed.  Belmont Village and Miki Lamm are awarded their costs on appeal.

NOT TO BE PUBLISHED.


KIM, J.*

We concur:


EDMON, P. J.


EGERTON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.