[No. B166201. Second Dist., Div. Five. Oct. 21, 2004.]

DANELLE COOKSEY, Plaintiff and Appellant, v.
PETER ALEXAKIS, Defendant and Respondent.

## Counsel

Monroy, Averbuck & Gysler, Jon F. Monroy and Jennifer E. Gysler for Plaintiff and Appellant.

La Follette, Johnson, De Haas, Fesler, Silberberg & Ames, Don Fesler and David J. Ozeran for Defendant and Respondent.

## Opinion

**MOSK, J.**—Plaintiff and appellant Danelle Cooksey (appellant) appeals from an order denying her request under Code of Civil Procedure section 437c,[1] subdivision (h) to continue a motion for summary judgment brought by defendant and respondent Peter Alexakis (respondent). Appellant claims that a continuance was necessary because appellant's expert had to review outstanding written discovery responses and a transcript of respondent's prospective deposition before finalizing his opinions. Appellant contends that

---

[1] All statutory references are to the Code of Civil Procedure. Section 437c was amended in 2002 and again in 2003; however, those amendments were not in effect at the time respondent's motion for summary judgment was pending. Unless stated otherwise, all references to section 437c are to the statute in effect at the time of respondent's motion. We note, however, any amendments in our discussion.

the trial court's denial of the continuance was an abuse of discretion. We hold that the trial court's denial of appellant's request for a continuance under section 437c, subdivision (h) was not an abuse of discretion because appellant failed to make a good faith showing as to what facts essential to oppose summary judgment may have existed and why such facts could not have been discovered sooner. We further hold that in determining whether to grant to a party responding to a summary judgment motion a continuance for discovery under section 437c, subdivision (h), the trial court may consider whether that party has been diligent in completing discovery.

## BACKGROUND

As a result of a knee injury, appellant was an orthopedic patient of respondent's from approximately March 2000 through December 2000. On March 8, 2002, appellant filed a complaint for medical negligence against respondent. Respondent filed an answer to the complaint on July 12, 2002. On July 26, 2002, the trial court set a discovery cutoff date of January 3, 2003 and a trial date of February 4, 2003.

On November 11, 2002, respondent's counsel advised appellant's counsel that the former was preparing a motion for summary judgment. On November 22, 2002, respondent's counsel filed an ex parte application for an order permitting the summary judgment motion to be heard on January 7, 2003, less than 30 days before the trial date, because that date was the earliest date the trial court had available to hear the motion.[2] Appellant's counsel did not oppose the ex parte application, which application the trial court granted. The trial court set the hearing on the motion for summary judgment for January 7, 2003, and ordered moving papers to be served by December 9, 2002,[3] opposition briefs by December 27, 2002, and reply briefs by January 3, 2003. On November 27, 2002, almost nine months after the complaint was filed and five days after service of respondent's ex parte application, appellant served her initial discovery requests in the case—a request for production of documents, form interrogatories, request for admissions, and a notice to depose respondent on January 3, 2003.

Respondent served his motion for summary judgment by mail on December 2, 2003 and filed it on December 3, 2003. In support of the motion,

---

[2] Section 437c, subdivision (a), requires a motion for summary judgment to be heard no later than 30 days before the date of the trial unless the trial court, for good cause, orders otherwise.

[3] Recent decisions have held that the court may not shorten the notice period for a summary judgment motion. (*Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758 [15 Cal.Rptr.3d 839]; *McMahon v. Superior Court* (2003) 106 Cal.App.4th 112 [130 Cal.Rptr.2d 407]; see also 6 Witkin, Cal. Procedure (2004 supp.) Proceedings Without Trial, § 192, p. 145.) Plaintiff has not raised this as an issue.

respondent submitted the declaration of his expert, Ronald E. Glousman, M.D., in which Dr. Glousman concluded that respondent timely prescribed therapeutic exercises and post-operative physical therapy for appellant, met the standard of care, and did not cause or contribute to appellant's alleged injuries.

On December 23, 2002, appellant filed an "Opposition to Motion for Summary Judgment and Request for Continuance," which document consisted solely of the request for continuance. In support of her request, appellant submitted the declaration of her attorney, Jon Monroy, stating that appellant had retained an expert, John Larsen, M.D., but that Dr. Larsen needed to review responses to the outstanding written discovery and respondent's deposition testimony "prior to finalizing his opinions and preparing a declaration in opposition" to respondent's motion. Mr. Monroy stated in his declaration that respondent's deposition, originally set for January 3, 2003, had been continued at the request of respondent's counsel until January 16, 2003. He further stated that "essential evidence exists to oppose the summary judgment motion, but because of the need to obtain [respondent's] deposition testimony and responses to discovery, it cannot be presented prior to the date set for the Motion, January 7, 2003, and cannot be presented prior to the date on which the opposing papers are due, December 27, 2002." Respondent opposed appellant's request for a continuance, noting that appellant herself did not deem the outstanding discovery to be relevant to her opposition because she had set respondent's deposition for January 3, 2003, *after* the date on which her opposition was due.

On January 7, 2003, the scheduled date of the summary judgment hearing, appellant filed an ex parte application for an order continuing respondent's motion and the trial date. In support of her ex parte application, appellant submitted the declaration of her expert, Dr. Larsen. In his declaration, Dr. Larsen opined that respondent's treatment of appellant fell below the standard of care "in failing to prescribe appropriate physical therapy in a prompt and timely fashion"; that respondent failed to diagnose and treat appellant in a timely manner; and that respondent's actions caused appellant to suffer injury, including adhesions from scar tissue and additional pain and mobility problems. Also accompanying appellant's ex parte application was another declaration from her attorney, Mr. Monroy, stating that respondent's deposition was necessary "to allow plaintiff's expert to finalize his opinions on this case because [respondent's] progress notes, which are handwritten, are illegible." Respondent opposed the ex parte application.

At the January 7, 2003 hearing, the trial court asked appellant's counsel why he had not taken respondent's deposition sooner. Appellant's counsel candidly acknowledged that he had made a tactical decision not to depose respondent earlier; that appellant's expert, Dr. Larsen, had formed an opinion

six months earlier that respondent's actions fell below the standard of care; that Dr. Larsen had formed his opinion without reviewing the then nonexistent discovery responses by respondent or testimony from respondent's yet to be taken deposition; and appellant's counsel had elected not to submit Dr. Larsen's declaration in opposition to respondent's motion for summary judgment because counsel did not want to disclose Dr. Larsen's opinions before respondent's deposition. The trial court took the matter under submission.

On January 10, 2002, the trial court issued an order denying appellant's request for a continuance and granting summary judgment in favor of respondent. In its ruling, the trial court concluded that respondent was entitled to summary judgment because he submitted evidence that his treatment of appellant fell within the applicable standard of care. The trial court stated that there was nothing in appellant's moving papers to warrant a continuance; appellant's request for a continuance was unsupported by any declaration other than that of her counsel stating that discovery was needed in order to finalize the opinions of appellant's expert; appellant and her counsel had appellant's medical records as early as June 2002; appellant's counsel failed to present any explanation in his declaration as to why the necessary discovery was not initiated sooner; and that counsel subsequently conceded at the hearing that he had purposely withheld the declaration of appellant's expert as a tactical decision.

Appellant appeals the trial court's summary judgment, and specifically, the trial court's denial of appellant's motion to continue the summary judgment hearing.

## DISCUSSION

### A. *Applicable Legal Standards*

■ Section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just." Subdivision (h) was added to section 437c " '[t]o mitigate summary judgment's harshness,' . . . [Citations]" (*Frazee v. Seely* (2002) 95 Cal.App.4th 627, 634 [115 Cal.Rptr.2d 780] (*Frazee*)) "for an opposing party who has not had an opportunity to marshal the evidence[.]" (*Mary Morgan, Inc. v. Melzark* (1996) 49 Cal.App.4th 765, 770 [57 Cal.Rptr.2d 4].) The statute mandates a continuance of a summary judgment hearing upon a good faith

showing by affidavit that additional time is needed to obtain facts essential to justify opposition to the motion. (*Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 167 [10 Cal.Rptr.3d 18]; *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 34 [129 Cal.Rptr.2d 923].) Continuance of a summary judgment hearing is not mandatory, however, when no affidavit is submitted or when the submitted affidavit fails to make the necessary showing under section 437c, subdivision (h). (*Frazee, supra,* 95 Cal.App.4th at pp. 633–634; see also *California Automobile Ins. Co. v. Hogan* (2003) 112 Cal.App.4th 1292, 1305–1306 [5 Cal.Rptr.3d 761].) Thus, in the absence of an affidavit that requires a continuance under section 437c, subdivision (h), we review the trial court's denial of appellant's request for a continuance for abuse of discretion. (*FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 72 [41 Cal.Rptr.2d 404].)

## B. *Adequacy of Declarations*

A declaration in support of a request for continuance under section 437c, subdivision (h) must show: "(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]" (*Wachs v. Curry* (1993) 13 Cal.App.4th 616, 623 [16 Cal.Rptr.2d 496].) " 'The purpose of the affidavit required by Code of Civil Procedure section 437c, subdivision (h) is to inform the court of outstanding discovery which is necessary to resist the summary judgment motion. [Citations.]' " (*Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 397 [107 Cal.Rptr.2d 270] (*Bahl*).) "It is not sufficient under the statute merely to indicate further discovery or investigation is contemplated. The statute makes it a condition that the party moving for a continuance show 'facts essential to justify opposition may exist.' " (*Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [30 Cal.Rptr.2d 706].)

Appellant submitted the declaration of her attorney, Mr. Monroy, in support of her initial request to continue the summary judgment motion. She subsequently submitted the declaration of her expert, Dr. Larsen, and another declaration by Mr. Monroy in support of an ex parte application for a continuance filed on the date the motion for summary judgment was heard. As discussed, neither declaration contains the information necessary to require a continuance under section 437c, subdivision (h).

### 1. *Declarations of Appellant's Attorney*

The declarations of appellant's counsel provided no explanation as to how the outstanding discovery was relevant to issues raised by respondent's motion. The declaration submitted with appellant's initial request for continuance merely states that appellant's expert needed to review written discovery

responses and respondent's deposition "prior to finalizing his opinions and preparing a declaration in opposition" to the motion. This assertion is not substantiated by the subsequent declaration of appellant's expert, which does not state that the opinions expressed are either preliminary or conditioned upon review of pending discovery.

■ The declaration filed by appellant's attorney on the date of the summary judgment hearing was not timely under the statute. Section 437c, subdivision (b)[4] requires any opposition to a motion for summary judgment to be filed and served not less than 14 days before the noticed hearing date. The filing of Mr. Monroy's second declaration did not comply with that statutory time requirement. Section 437c was amended in 2002 to enable a request for continuance to be made at any time on or before the date the opposition to summary judgment is due (Sen. Bill No. 688 (2001–2002 Reg. Sess.) § 5). Although this amendment was not in effect at the time of the motion in question, appellant's ex parte application, filed on the date of the hearing, would not have been timely even under the amendment.

■ Moreover, Mr. Monroy's second declaration, like his initial one, failed to explain how the outstanding discovery was necessary for appellant's opposition. Based on this deficiency alone, the trial court had the discretion to deny appellant's request for a continuance, and such a denial was not an abuse of discretion. (See *Waisbren v. Peppercorn Productions, Inc.* (1995) 41 Cal.App.4th 246, 263 [48 Cal.Rptr.2d 437] [trial court did not abuse its discretion in denying plaintiff's request for continuance under section 437c, subdivision (h) to allow time for additional discovery when plaintiff "did not explain how the outstanding discovery was related to the issues raised by the motion"], disapproved on another ground in *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315 [125 Cal.Rptr.2d 499].)

Appellant's counsel's declarations also failed to explain why the discovery sought could not have been completed sooner. There is a difference of opinion among the Courts of Appeal as to the effect of the absence of such an explanation in connection with a request for a continuance under section 437c, subdivision (h). Courts of Appeal in the First, Second and Sixth Appellate Districts have held that there must be some showing of diligence by the party seeking a continuance in order to conduct additional discovery. For example, in *FSR Brokerage, Inc. v. Superior Court, supra,* 35 Cal.App.4th at page 76, we upheld the denial of a continuance in part because "more than adequate time existed in order to secure discovery responses," and "there was no justification for the failure to have commenced the use of appropriate discovery tools at an earlier date." (See also *Wachs v. Curry,*

---

[4] Now subdivision (b)(2) under the statute as amended in 2003. This 2003 amendment did not alter the 14-day requirement.

*supra,* 13 Cal.App.4th at p. 624 [affidavit that contained no showing that evidence to oppose motion exists or why it could not have been obtained sooner insufficient to support continuance]; *O'Laskey v. Sortino* (1990) 224 Cal.App.3d 241, 251 [273 Cal.Rptr. 674] [declaration of party's attorney insufficient to justify continuance when it failed to state why information sought could not have been obtained earlier], disapproved on another ground in *Flanagan v. Flanagan* (2002) 27 Cal.4th 766, 776, fn. 4 [117 Cal.Rptr.2d 574, 41 P.3d 575].)

The First District Court of Appeal, in *A&B Painting and Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 356–357 [30 Cal.Rptr.2d 418], held that a continuance for the purpose of taking depositions was not warranted when the declaration submitted in support of the continuance did not "explain what efforts were made to take the necessary depositions or why they could not have been taken earlier." (*Id.* at p. 357.) The Sixth District Court of Appeal also held that some showing of discovery diligence is required by a party seeking relief under section 437c, subdivision (h). (*Desaigoudar v. Meyercord* (2003) 108 Cal.App.4th 173, 191 [133 Cal.Rptr.2d 408]; see also *Aguimatang v. California State Lottery* (1991) 234 Cal.App.3d 769, 804 [286 Cal.Rptr. 57] [Third District Court of Appeal said, "The circumstances of this case do not suggest that appellants were dilatory in conducting discovery"].)

The Fourth District Court of Appeal, on the other hand, has questioned whether a party's diligence (or lack thereof) in completing discovery should be a factor in granting or denying a continuance under section 437c, subdivision (h). Noting that the holding of the First District Court of Appeal in *A&B Painting and Drywall, Inc. v. Superior Court, supra,* 25 Cal.App.4th 349 "could be read to imply that lack of diligence alone may justify the denial of a continuance request," the Fourth District Court of Appeal stated, "[w]e question whether diligence alone should make or break a continuance request under Code of Civil Procedure section 437c, subdivision (h). The issue of discovery diligence is not mentioned in section 437c, subdivision (h), which raises obvious doubts about its relevance." (*Bahl, supra,* 89 Cal.App.4th at p. 398.) The court offered the following guidance for determining when a party's lack of diligence should preclude relief under section 437c, subdivision (h): "When lack of diligence results in a party's having insufficient information to know if facts essential to justify opposition may exist, and the party is therefore unable to provide the requisite affidavit under Code of Civil Procedure section 437c, subdivision (h), the trial judge may deny the request for continuance of the motion. [Citations.] But when a party submits an affidavit demonstrating that facts essential to justify opposition may exist but have not been presented to the court because the party has not

been diligent in searching for the facts through discovery, the court's discretion to deny a continuance is strictly limited. [Citation.]" (*Id.,* at p. 398.)

In *Frazee, supra,* 95 Cal.App.4th at page 635, the Fourth District Court of Appeal suggested in dicta that a party's diligence in completing discovery is not relevant at all in considering whether to grant or deny a request for continuance: "[T]he statute makes no mention of a need to show diligence, 'which raises obvious doubts about its relevance.' (*Bahl v. Bank of America, supra,* 89 Cal.App.4th at p. [398].)" (See *Western Landscape Construction v. Bank of America* (1997) 58 Cal.App.4th 57, 61 [67 Cal.Rptr.2d 868]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, §§ 945 & 947, pp. 986–988, 989–991.)

■ We agree with the majority of courts holding that lack of diligence may be a ground for denying a request for a continuance of a summary judgment motion hearing. Although the statute does not expressly mention diligence, it does require a party seeking a continuance to declare why "facts essential to justify opposition . . . cannot, for *reasons stated, then* be presented" (§ 437c, subd. (h), italics added), and courts have long required such declarations to be made in good faith. (See, e.g., *Yuzon v. Collins, supra,* 116 Cal.App.4th at p. 167; *California Automobile Ins. Co. v. Hogan, supra,* 112 Cal.App.4th at p. 1305; *Aguimatang v. California State Lottery, supra,* 234 Cal.App.3d at pp. 803–804; *O'Laskey v. Sortino, supra,* 224 Cal.App.3d at p. 251; *Fisher v. Larsen* (1982) 138 Cal.App.3d 627, 648 [188 Cal.Rptr. 216].) There must be a justifiable reason why the essential facts cannot be presented. An inappropriate delay in seeking to obtain the facts may not be a valid reason why the facts cannot then be presented. The statute itself authorizes the imposition of sanctions for declarations presented in bad faith or solely for purposes of delay. (§ 437c, subd. (j).) A good faith showing that further discovery is needed to oppose summary judgment requires some justification for why such discovery could not have been completed sooner.

■ In the instant case, the declarations of appellant's counsel in support of the request for a continuance contained no explanation of why the discovery sought could not have been initiated sooner. Indeed, appellant's counsel acknowledged that he intentionally delayed discovery for tactical reasons. This lack of diligence may be a factor justifying the refusal to grant a continuance under section 437c, subdivision (h).

2. *Declaration of Appellant's Expert*

■ The declaration of appellant's expert, Dr. Larsen, as the declaration of appellant's attorney, failed to state what facts appellant hoped to obtain

through further discovery and how such facts were necessary to oppose respondent's motion. Although appellant claimed that a continuance was necessary because Dr. Larsen needed to review the pending discovery before finalizing his opinions, Dr. Larsen's declaration contains an unqualified opinion that respondent's conduct fell below the standard of care. Nowhere in the declaration does it state that this opinion is conditioned upon review of respondent's expected discovery responses or future deposition testimony. Appellant's counsel conceded at the January 7, 2003 hearing that "[Dr. Larsen's] opinion has been in existence since [appellant's counsel] stepped on board on the case," and that counsel did not previously disclose the opinion for tactical reasons. The trial court acted within its discretion by concluding that Dr. Larsen's declaration did not show " 'that a continuance is needed to obtain facts essential to justify opposition to the motion.' " (*California Automobile Ins. Co. v. Hogan, supra,* 112 Cal.App.4th at p. 1305.)

### C. *Amendments to Section 437c*

Section 437c was amended in September 2002 to extend the notice requirements for summary judgment motions from 28 to 75 days before the hearing date and to enable a party seeking to continue a summary judgment motion to file an ex parte application at any time on or before the date the opposition response to the motion is due. (Sen. Bill No. 688 (2001–2002 Reg. Sess.) § 5.) The purpose of the amendment, which took effect on January 1, 2003, was "to provide additional time to permit the responding party a more reasonable opportunity to discover the evidence that is needed to respond." (Sen. Rules Com., Analysis of Sen. Bill No. 688 (2001–2002 Reg. Sess.) as amended Aug. 28, 2002.)

Appellant points out that respondent's summary judgment motion was filed less than one month before the effective date of the statutory amendments, and she argues that continuing the motion would be consistent with the legislative policy of ensuring that parties opposing summary judgment have sufficient opportunity to complete discovery. Appellant notes that the time frame for preparing this case for trial was relatively narrow—appellant had little more than six months between respondent's appearance in the action on July 12, 2002 and December 27, 2002, the date on which its opposition to respondent's summary judgment motion was due.

Appellant's counsel conceded, however, that he purposely decided against initiating discovery sooner, and that he withheld appellant's expert's declaration as a litigation tactic. Appellant's failure to complete discovery was therefore not due to lack of reasonable opportunity. Granting a continuance in this case would not advance the legislative policy underlying the amendment to section 437c.

## D. *Timeliness of Expert Declaration*

██ Under section 437c, subdivision (h), the declarations seeking a justification for a continuance had to be filed in a timely opposition to the motion for summary judgment. The declaration of Dr. Larsen was not timely. Even under amendments to section 437c, which are not applicable here, the filing of appellant's ex parte application and Dr. Larsen's declaration was not timely. Section 437c, subdivision (h) as amended provides that an ex parte application to continue a summary judgment motion may be made "at any time on or before the date the opposition response to the motion is due." Appellant's opposition to summary judgment was due on December 27, 2002; however, she did not file her ex parte application until January 7, 2003. The trial court could properly have disregarded the declaration as untimely. (§ 437c, subd. (h).)

██ Appellant argues that the declaration of Dr. Larsen, filed on the day of the summary judgment hearing, raised triable issues of material fact that precluded summary judgment. The declaration, however, was not filed as part of a timely opposition to the motion for summary judgment. Section 437c states that summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) Failure to file an opposition, including affidavits or declarations, not less than 14 days before the hearing on a motion for summary judgment "may constitute a sufficient ground, in the court's discretion, for granting the motion." (§ 437c, subd. (b).)[5] The trial court found that respondent's moving papers established that his treatment of appellant fell within the applicable standard of care and that respondent's treatment and care of appellant did not cause appellant any injury. Although appellant's counsel conceded that Dr. Larsen had formed a contrary opinion six months before the summary judgment hearing, appellant failed to offer Dr. Larsen's opinion in a timely opposition to respondent's motion. The trial court could properly have disregarded Dr. Larsen's declaration as untimely. (§ 437c, subd. (b).)[6]

## E. *Prejudice*

Appellant argues that respondent would not have been prejudiced by a continuance. The absence of such prejudice, however, does not relieve appellant from making the requisite showing in support of her request for a continuance, and she failed to do so.

---

[5] Subdivision (b)(2) under the statute as amended in 2003.
[6] Subdivision (b)(2) under the statute as amended in 2003.

## CONCLUSION

■ We recognize the importance of the policy favoring disposition of cases on the merits. (See § 583.130.) We would be disposed to adhere to that policy if there were "some showing of excusable neglect." (*Bahl, supra,* 89 Cal.App.4th at p. 399.) But here, for strategic reasons, appellant's counsel did not comply with the procedural requirements. It is true that the trial court might have utilized other alternatives, such as sanctions. But, in this case, it was not an abuse of discretion to enforce statutory requirements that appellant intentionally disregarded for purposes of gaining some advantage. Accordingly, the trial court acted within its discretion in not granting the continuance in connection with the summary judgment motion.

## DISPOSITION

The judgment is affirmed. Defendant is awarded his costs on appeal.

Grignon, Acting P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 12, 2005.