Filed 7/7/21  Braganza v. Albertson's CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| LISA BRAGANZA, | |
| Plaintiff and Appellant, | E073073 |
| v. | (Super.Ct.No. CIVDS1724021) |
| ALBERTSON'S LLC, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Keith D. Davis, Judge.  Affirmed.

Carpenter, Zuckerman & Rowley and Greg Coolidge for Plaintiff and Appellant.

Berman, Berman, Berman, Schneider & Lowary, Mark E. Lowary and Gina M. Genatempo for Defendant and Respondent.

## I.  INTRODUCTION

Plaintiff Lisa Braganza sued defendant Albertson's LLC (Albertson's) for personal injuries and other damages plaintiff sustained as a result of slipping and falling on the floor of an Albertson's grocery store.  The trial court granted Albertson's motion

1

for summary judgment after denying plaintiff's request to continue the hearing on the motion in order to allow plaintiff time to conduct discovery necessary to oppose the motion. (Code Civ. Proc., § 437c, subd. (h).)[1] The trial court later denied plaintiff's motion for a new trial, based on her claim that the court abused its discretion in denying her continuance request. (See § 657, subds. 1, 7.) In this appeal from the judgment in favor of Albertson's, plaintiff claims the trial court abused its discretion (1) in denying her request to continue the hearing on Albertson's motion, and (2) in denying her new trial motion. We find no abuse of discretion in either ruling, and we affirm the judgment.

## II. FACTS AND PROCEDURE

A. *Albertson's Motion for Summary Judgment or, Alternatively, Summary Adjudication and Plaintiff's Request to Continue the Hearing on the Motion (§ 437c, subd. (h))*

On December 5, 2017, plaintiff filed her operative complaint against Albertson's, alleging she sustained personal injuries and other damages as a result of slipping and falling on the floor of an Albertson's grocery store on May 31, 2016. The complaint alleged two causes of action: premises liability (first) and general negligence (second). On December 29, 2017, Albertson's filed an answer to the complaint, denying its allegations and asserting various affirmative defenses.

On December 18, 2018, Albertson's filed its motion for summary judgment on plaintiff's complaint or, alternatively, summary adjudication of each of plaintiff's two

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

2

causes of action. In its separate statement of undisputed material facts, Albertson's adduced the following facts, supported by evidence:

On May 31, 2016, plaintiff entered the Albertson's grocery store identified in her complaint and "immediately walked toward a floral shop/display positioned on [a] carpet/mat to one side of the south-east side entrance. [¶] Plaintiff fell at approximately 5:40 to 5:50 p.m. when her right ankle twisted. [¶] Immediately preceding her fall, [p]laintiff was looking forward and did not observe the floor or any dangerous condition or defect. [¶] Following her fall, plaintiff observed water on the floor, and a flower bucket or vase tipped over more than a foot onto the adjacent mat/carpet. [¶] Another patron, Ken K., observed the floor just prior to and following the fall, and did not see any water on the floor prior to plaintiff's fall. [¶] Other patrons in the area in the several minutes preceding the incident walked through the area safely without incident and without reporting any water or other condition. [¶] The area was lit by natural light from outside as well as inside lighting. [¶] Plaintiff does not attribute the incident to any condition other than the alleged water on the floor.

"The walkway surface in the area of [plaintiff's] described slip and fall provides sufficient friction, or traction, and is not consistent with a slippery walkway surface where a slip and fall would be anticipated. [¶] [Albertson's] had conducted regular inspections and documented hourly sweeps of the area, with the last formal sweep recorded on an inspection log as having begun at 5:09 p.m., with the subject floral area sweep at approximately 5:18 [p.m.] as recorded on surveillance video. [¶] Between sweeps, Albertson's employees and other patrons constantly walked through the store,

3

including the subject floral area, and no one had observed any water on the floor prior to the incident. [¶] Video surveillance recorded [an] Albertson's employee walking through the area at approximately 5:27 p.m. There were no prior incidents or complaints regarding the same area of [the] store."

Based on these facts, Albertsons claimed that plaintiff could not establish her premises liability or negligence causes of action for three reasons: (1) at the time plaintiff fell, the floor in the area of the fall was not unsafe because it was not wet with water from a tipped flower vase, as plaintiff had claimed during discovery; (2) the floor was not unsafe, even if it was wet at the time of the fall, because Albertson's expert forensic engineer, Bradley A. Rutledge, concluded based on a "coefficient of friction test" that the floor provided sufficient friction or traction to prevent falls, even when wet with water; and (3) Albertson's had neither actual nor constructive notice that the floor was wet when plaintiff fell because its employees inspected the floor hourly, and an employee found no water on the floor while inspecting it at 5:18 p.m., only 22 to 32 minutes before plaintiff fell between 5:40 and 5:50 p.m.

At the time Albertson's motion was filed, the hearing on the motion was scheduled for March 6, 2019. Thus, plaintiff's opposition was required to be filed and served no later than February 20—14 days before the March 6 hearing. (§ 437c, subd. (b)(2).) But plaintiff did not file any opposition to the motion. Instead, on February 19, plaintiff filed a request to continue the March 6 hearing for 45 days, along with a supporting declaration of plaintiff's counsel, Greg Coolidge.

4

Mr. Coolidge averred in his declaration that the continuance was necessary (1) in order to allow plaintiff's expert forensic engineer to conduct a coefficient of friction test on the floor area where plaintiff fell, and (2) to allow plaintiff's expert time to prepare a declaration in opposition to Albertson's motion. Mr. Coolidge explained that, in the absence of plaintiff's own expert's coefficient of friction test, plaintiff did not have evidence to oppose *the second ground* of Albertson's motion.

Mr. Coolidge showed that on February 4, 2019, plaintiff served an inspection demand on Albertson's, demanding to inspect and test the floor in the area where plaintiff fell. (§ 2031.010.) The inspection demand was noticed to occur on March 12, 2019, six days after the previously scheduled March 6 hearing on Albertson's motion. Mr. Coolidge explained that the March 12 inspection date was necessary in order to provide Albertson's with the statutory 30-day notice for a site inspection (§ 2031.030, subd. (c)(2)), and Mr. Coolidge anticipated that the March 12 inspection, and a subsequent report by plaintiff's expert, would show that the floor in the area of plaintiff's fall was "unreasonably slippery and unsafe when wet with water."

Relying on *Frazee v. Seely* (2002) 95 Cal.App.4th 627 (*Frazee*) and *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389 (*Bahl*)), Mr. Coolidge argued that the requested continuance was mandatory under section 437c, subdivision (h), because his declaration made the three-part showing necessary to obtain a mandatory continuance under the statute: (1) facts to be discovered (through plaintiff's pending inspection demand) were essential to opposing the motion; (2) there was reason to be believe these facts existed; and (3) additional time was needed to discover these facts.

5

Mr. Coolidge did not attempt to explain what evidence plaintiff had to oppose the first and third grounds of Albertson's motion. Nor did he explain why plaintiff waited until February 4, 2019—around six weeks after Albertson's motion was filed and served on December 18, 2018—to serve plaintiff's inspection demand, the results of which were relevant only to the second ground of Albertson's motion. Albertson's filed an opposition to plaintiff's continuance request.

B. *The March 6, 2019 Hearing*

At the March 6, 2019 hearing, the trial court first addressed plaintiff's request to continue the March 6 hearing.[2] The court observed that Mr. Coolidge's declaration did not explain why plaintiff's counsel had waited until February 4, 2019, to serve plaintiff's inspection demand, nor did it explain why plaintiff's counsel had waited until February 19, 2019—the day before plaintiff's opposition was due—to file the request to continue the hearing. The court also noted that Albertson's expert had inspected the floor area on November 8, 2018, and this, together with Albertson's motion, should have alerted plaintiff's counsel to the need to have plaintiff's own expert inspect and test the floor area "at the earliest possible time."

The trial court found it "troubling" that Mr. Coolidge's declaration did not indicate that plaintiff's counsel, including Mr. Coolidge, had made any attempt to communicate with Albertson's counsel in order to complete plaintiff's site inspection and testing as

---

[2] Plaintiff was represented by Carpenter, Zuckerman & Rowley in prosecuting her complaint against Albertson's. Attorney Mario Martinez represented plaintiff at the March 6, 2019 hearing.

soon as possible after Albertson's filed and served its motion. The court pointed out that section 437c, subdivision (h), was not intended to allow parties to obtain continuances to conduct discovery "that could have and should have been undertaken earlier so as to effectively oppose the summary judgment motion."

Attorney Mario Martinez, who represented plaintiff at the hearing, explained that plaintiff's counsel had "originally noticed" plaintiff's inspection demand "in the summer of 2018." Then, after plaintiff's counsel received Albertson's objections to the inspection demand, plaintiff's counsel's "usual" expert forensic engineer notified plaintiff's counsel that there was a *potential* conflict of interest that would prevent the engineer from conducting the floor inspection and testing for plaintiff. Thus, plaintiff's counsel began "trying to get another forensic engineer."

Mr. Martinez further explained that "sometime while" plaintiff's counsel was trying to get a new expert forensic engineer for plaintiff, plaintiff's counsel received Albertson's motion. At some point thereafter—Mr. Martinez did not say when— plaintiff's counsel determined that their "usual" expert did not have an actual conflict of interest in working on plaintiff's case. Thereafter, on February 4, 2019, plaintiff's counsel noticed plaintiff's site inspection for March 12, 2019. Albertson's then notified plaintiff's counsel that the subject flooring where plaintiff fell had been removed, but Albertson's would make "pieces of the tile floor" on which plaintiff fell available for plaintiff's expert's inspection and testing on March 12, along with other areas of the store which still had the same tile floor.

7

In response, Albertson's counsel first argued that the trial court should not consider any of the "new information" provided by Mr. Martinez at the hearing, as none of that information had been timely and properly presented in a declaration. Second, Albertson's counsel argued that Mr. Martinez's explanation did not answer the court's questions concerning the lack of diligence exercised by plaintiff's counsel in completing the floor inspection and testing. Third, Albertson's counsel noted that plaintiff's counsel had not explained what evidence plaintiff had that would raise a triable issue of material fact on the *third ground* for Albertson's motion: that Albertson's did not have actual or constructive notice that there was water on the floor at the time plaintiff fell. Plaintiff's pending inspection would not "go to that issue."

The trial court denied plaintiff's requested continuance. The court's written order denying the continuance states, "The court finds that [p]laintiff's [r]equest to [c]ontinue fails to demonstrate diligence in seeking discovery, including any desired site inspection, and that Plaintiff failed to adequately communicate with defense counsel regarding the need for a site inspection to support any opposition to defendant's motion. Plaintiff's request to continue is therefore DENIED."

Regarding the merits of Albertson's unopposed motion, the trial court ruled that the motion had merit because it showed that Albertson's "had neither actual nor constructive notice of the allegedly wet floor that plaintiff slipped on." The court pointed to Albertson's uncontroverted evidence that one of its employees had cleaned the floor area where plaintiff fell at 5:18 p.m. on May 31, 2016, only 22 to 32 minutes before plaintiff fell between 5:40 and 5:50 p.m.

C. *Plaintiff's New Trial Motion*

The trial court entered judgment in favor of Albertson's on April 29, 2019, and Albertson's served notice of entry of the judgment on May 3. Plaintiff timely filed a notice of intention to move for a new trial (§ 659, subd. (a)(2)), followed by her new trial motion, which was based solely on her claim that the trial court abused its discretion, or erred as a matter of law, in denying her request to continue the March 6, 2019 hearing. (See § 657, subds. 1, 7.) Albertson's opposed the new trial motion, and the court denied it following a June 17 hearing. Plaintiff timely appeals from the April 29 judgment.

## III. DISCUSSION

A. *Plaintiff's Request to Continue the March 6, 2019 Hearing Was Properly Denied*

Plaintiff first claims that the trial court erroneously denied her request to continue the March 6, 2019 hearing on Albertson's motion on the sole ground that she did not show she (or her counsel) acted with diligence in attempting to have her expert complete the inspection and testing of the floor area on which she fell, as soon as possible after Albertson's filed and served its motion for summary judgment or, alternatively, summary adjudication on December 18, 2018. For the reasons we explain, the trial court did not abuse its discretion in denying the requested continuance.

Section 437c, subdivision (h), provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application

9

to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

The decision to grant or deny a continuance request under section 437c, subdivision (h), is vested in the trial court's discretion (*Frazee*, *supra*, 89 Cal.App.4th at p. 633), and the court's ruling is reviewed for an abuse of discretion. (*Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 643.) Continuance requests under section 437c, subdivision (h), are to be liberally granted. (*Bahl*, *supra*, 89 Cal.App.4th p. 395; *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 34-35.) "[T]he interests at stake are too high to sanction the denial of [such] a continuance [request] without good reason." (*Frazee*, at p. 634.) These interests include the importance of deciding cases on their merits rather than on procedural deficiencies. (*Bahl*, at pp. 398-399.)

Given the high stakes involved in motions for summary judgment and summary adjudication, continuances under section 437c, subdivision (h), are "virtually mandated ' "upon a good faith showing by affidavit that a continuance is needed to obtain facts essential to justify opposition to the motion." ' " (*Bahl*, *supra*, 89 Cal.App.4th at pp. 395, 398-399; *Johnson v. Alameda County Medical Center* (2012) 205 Cal.App.4th 521, 532 (*Johnson*) [" 'When a party makes a good faith showing by affidavit demonstrating that a continuance is necessary to obtain essential facts to oppose a motion for summary judgment, the trial court must grant the continuance request.' "].) The affidavit is required to show that " '(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional

time is needed to obtain [or discover] these facts.' " (*Frazee*, *supra*, 95 Cal.App.4th at p. 633, quoting *Wachs* v. *Curry* (1993) 13 Cal.App.4th 616, 623; see *Ace American Ins. Co. v. Walker* (2004) 121 Cal.App.4th 1017, 1023.)[3]

Plaintiff claims her requested 45-day continuance of the March 6, 2019 hearing was "mandatory" because her counsel, Mr. Coolidge's, declaration made the necessary showing to trigger a mandatory continuance under section 437c, subdivision (h). (*Frazee*, *supra*, 95 Cal.App.4th at p. 633.)  Specifically, plaintiff claims that Mr. Coolidge's declaration showed that the continuance was necessary to allow plaintiff's expert to complete the inspection and "coefficient of friction" testing of the floor area on which she fell, and to prepare a declaration in opposition to Albertson's motion explaining that the testing showed that the floor was unreasonably slippery when wet with water.

We agree, and the trial court acknowledged, that plaintiff's own expert inspection, testing, and declaration concerning the slipperiness of the floor area was essential to justify plaintiff's opposition to *the second* ground for Albertson's motion.  Albertson's supported the second ground for its motion with the declaration of Albertson's expert,

---

[3]  One other case has stated that the affidavit "should show the following: (1) 'Facts establishing a likelihood that controverting evidence may exist and why the information sought is *essential* to opposing the motion'; (2) 'The specific reasons why such evidence cannot be presented at the present time'; (3) 'An estimate of the time necessary to obtain such evidence'; and (4) 'The specific steps or procedures the opposing party intends to utilize to obtain such evidence.' " (*Johnson*, *supra*, 205 Cal.App.4th 521, 532, italics omitted.)  This formulation of the necessary showing is a more specific iteration of the one articulated in *Frazee*, *supra*, 95 Cal.App.4th at page 633, but the two are substantially the same.

Mr. Rutledge, who inspected and tested the floor on November 8, 2018, and concluded, based on his coefficient of friction test, that the floor was "not consistent with a slippery walkway surface where a slip and fall would be anticipated." As the trial court said, plaintiff could only "effectively rebut" Mr. Rutledge's opinion with another expert's contrary opinion.

But as the trial court pointed out, Mr. Coolidge's declaration did not explain why plaintiff's expert testing was not completed before plaintiff's opposition to Albertson's motion was due on February 20, 2019. Mr. Coolidge's declaration did not attempt to address why plaintiff's expert inspection, testing, and declaration were not completed before February 20. Nor did Mr. Martinez, who represented plaintiff at the March 6 hearing, explain why it took Messrs. Coolidge and Martinez, and plaintiff's other counsel over six months, from "the summer of 2018" through February 4, 2019, to ascertain that their "usual" expert did not have an actual conflict of interest in completing the inspection and testing for plaintiff.

Plaintiff argues that the trial court erroneously denied her continuance request *solely* on the ground that her counsel did not show they acted with diligence in attempting to complete plaintiff's expert inspection, testing, and declaration "at the earliest possible time" after Albertson's filed and served its motion on December 18, 2019. Relying on *Bahl* and *Frazee*, plaintiff argues that a lack of diligence in completing discovery that is necessary to oppose a summary judgment or summary adjudication motion is an impermissible ground for denying a continuance request under section 437c, subdivision (h).

12

In *Bahl*, our colleagues in Division Three of this court questioned whether a party's lack of diligence in completing discovery necessary to oppose a motion for summary judgment or summary adjudication should be a factor in granting or denying the party's continuance request under section 437c, subdivision (h). (*Bahl*, *supra*, 89 Cal.App.4th at pp. 397-400.) The *Bahl* court specifically "question[ed] whether diligence alone should make or break a continuance request" under the statute, given that the statute does not mention "the issue of discovery diligence." (*Bahl*, at p. 398.) To the *Bahl* court, the statute's failure to mention a party's diligence in seeking the necessary discovery raised "obvious doubts" about the relevance of a party's "discovery diligence" to the party's request for a continuance under section 437c, subdivision (h). (*Ibid.*)

The *Bahl* court concluded that, "when a party submits an affidavit demonstrating that facts essential to justify opposition may exist but have not been presented to the court because the party has not been diligent in searching for the facts through discovery, the court's discretion to deny a continuance is *strictly limited*." (89 Cal.App.4th at p. 398, italics added.) The court pointed out that "the strong public policy favoring disposition [of cases] on the merits outweighs the competing policy favoring judicial efficiency" when these policies "collide head-on." (*Ibid.*) The court also emphasized that, in the case before it, there was no indication that the party moving for summary judgment, the defendant, had suffered any prejudice "on account of [the] plaintiff's due diligence deficit." (*Id.* at p. 399.) Nor was there any showing of "a special reason to protect the trial date." (*Ibid.*)

13

Ultimately, the *Bahl* court concluded that, "[e]ven were plaintiff's counsel wanting in diligence, where, as here, counsel makes some showing of excusable neglect, the policy favoring disposition on the merits outweighs the policy favoring judicial efficiency." (89 Cal.App.4th at pp. 399-400.) Thus, the court concluded that the trial court had "exceeded the bounds of its limited discretion" in denying the plaintiff's request to continue the hearing on the summary judgment motion. (*Id.* at p. 400.)

In *Frazee*, the court flatly observed that "Section 437c, subdivision (h) allows for further discovery to properly oppose the motion*, regardless of discovery conducted for trial.*" (*Frazee*, *supra*, 95 Cal.App.4th at p. 635, italics added, citing *Bahl*, *supra*, 89 Cal.App.4th at p. 397 ["As we noted in *Bahl* . . . , the statute makes no mention of a need to show diligence, 'which raises obvious doubts about its relevance' " to the continuance request].) But, in *Frazee*, a legal malpractice action, the court concluded that the plaintiff made a sufficient showing that her counsel acted with diligence in attempting to complete the depositions of several attorney defendants, which the court described as "a logistics nightmare" given the attorneys' busy schedules. (*Frazee*, at pp. 631-632, 635.)

In *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246 (*Cooksey*), at pages 255 to 257, the Second District Court of Appeal, Division Five, observed that there was a split of opinion among the California appellate courts "as to the effect of the absence of such an explanation" of why discovery was not completed sooner, when a party seeks a continuance under section 437c, subdivision (h). (*Cooksey*, at p. 255.) That split of authority continues to this day. The *Cooksey* court noted that the courts in the First,

14

Second, and Sixth Appellate Districts had upheld denials of continuance requests, at least partly on the ground that the party seeking the continuance had adequate time to complete the discovery. (*Id*. at pp. 255-256, citing and discussing *FSR Brokerage, Inc. v. Superior Court* (1995) 35 Cal.App.4th 69, 76, *Wachs v. Curry* (1993) 13 Cal.App.4th 616, 624, *O'Laskey v. Sortino* (1990) 224 Cal.App.3d 241, 251, *A & B Painting and Drywall, Inc. v. Superior Court* (1994) 25 Cal.App.4th 349, 356-357, and *Desaigoudar v. Meyercord* (2003) 108 Cal.App.4th 173, 191.)

In contrast, the *Cooksey* court noted that the court in *Bahl* had questioned the relevancy of a party's diligence in seeking discovery to the party's request for a continuance under section 437c, subdivision (h), and that the same court in *Frazee* "suggested in dicta that a party's diligence in completing discovery is *not relevant at all* in considering whether to grant or deny a request for continuance." (*Cooksey*, *supra*, 123 Cal.App.4th at pp. 255-257, italics added.) *Cooksey* parted company with *Bahl* and *Frazee* and agreed "with the majority of courts holding that lack of diligence may be a ground for denying a request for a continuance of a summary judgment motion hearing." (*Cooksey*, at p. 257.)

*Cooksey* reasoned that, "[a]lthough [section 437c, subdivision (h)] does not expressly mention diligence, it does require a party seeking a continuance to declare why 'facts essential to justify opposition . . . cannot, for *reasons stated*, *then* be presented' (§ 437c, subd. (h), italics added), and courts have long required such declarations to be made in good faith. [Citations.] There must be a justifiable reason why the essential facts cannot be presented. An inappropriate delay in seeking to obtain the facts may not

15

be a valid reason why the facts cannot then be presented.  The statute itself authorizes the imposition of sanctions for declarations presented in bad faith or solely for purposes of delay.  (§ 437c, subd. (j).)  A good faith showing that further discovery is needed to oppose summary judgement requires some justification for why such discovery could not have been completed sooner." (*Cooksey*, *supra*, 123 Cal.App.4th at p. 257; see *Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1038-1039.)

We agree with the *Cooksey* court's conclusion that a party who seeks a continuance under section 437c, subdivision (h), must show why the discovery necessary to oppose the motion for summary judgment or summary adjudication could not have been completed sooner, and accordingly requires the court to grant the continuance. (*Cooksey*, *supra*, 123 Cal.App.4th at p. 257.)  This showing was not made here. Mr. Coolidge made no attempt to show, in his declaration in support of plaintiff's continuance request, why the inspection and testing of the floor area by plaintiff's expert, and the expert's declaration in opposition to Albertson's motion, could not have been completed before plaintiff's opposition to Albertson's motion was due on February 20, 2019.  Nor did Mr. Coolidge, in his declaration, or Mr. Martinez, at the March 6 hearing, explain why plaintiff's counsel waited until February 4, 2019—around six weeks after Albertson's motion was filed and served on December 18, 2018—to serve plaintiff's inspection demand on Albertson's, which scheduled plaintiff's expert inspection and testing for March 12, 2019, six days after the March 6 hearing on Albertson's motion.  For these reasons, the trial court did not abuse its discretion in denying plaintiff's continuance request under section 437c, subdivision (h), based *solely*

16

on her plaintiff's counsel's failure to show diligence in completing the necessary floor inspection and testing. (*Cooksey*, at p. 257.)**4**

Plaintiff argues that the trial court abused its discretion in denying her requested 45-day continuance because Albertson's did not show that it would have been prejudiced by the brief continuance, given that no trial date had been set as of March 6, 2019. (See *Bahl*, *supra*, 89 Cal.App.4th at p. 399.) But no such showing of prejudice was required. As *Cooksey* explained, "A good faith showing that further discovery is needed to oppose summary judgment requires some justification for why such discovery could not have been completed sooner." (*Cooksey*, *supra*, 123 Cal.App.4th at p. 257.) This showing is necessary to comply with section 437c, subdivision (h)'s requirement that the party seeking the continuance "declare why 'facts essential to justify opposition . . . cannot, for *reasons stated*, *then* be presented.' (§ 437c, subd. (h), italics added.)" (*Cooksey*, at p. 257.)

B. *Plaintiff's New Trial Motion Was Properly Denied*

Plaintiff next claims that the trial court abused its discretion or erred as a matter of law in denying her new trial motion. We conclude that the motion was properly denied.

---

**4** Plaintiff correctly points out that, when a party's declaration does not meet the statutory requirements for a mandatory continuance under section 437c, subdivision (h), the trial court may grant a continuance under the "ordinary discretionary standard applied to requests for a continuance," if good cause for the continuance is shown. (*Hamilton v. Orange County Sheriff's Dept.* (2017) 8 Cal.App.5th 759, 765.) But here, plaintiff does not claim that she made a sufficient showing of good cause for a continuance under this alternative discretionary standard.

17

## 1. Relevant Background

In her new trial motion, plaintiff argued only that the trial court erroneously denied her request to continue the March 6, 2019 hearing, and this deprived her of a fair trial because it prevented her from filing "a substantive opposition" to all three grounds for Albertson's motion for summary judgment or summary adjudication. In support of her new trial motion, plaintiff adduced evidence and argument in opposition to all three grounds for Albertson's motion—evidence and argument that she did not proffer in opposition to Albertson's motion.

Regarding the second ground for Albertson's motion, plaintiff adduced evidence that, at the Albertson's store on March 12, 2019, her expert forensic engineer, Mark Burns, completed the inspection and coefficient of friction testing of floor tiles identical to the tiles that plaintiff slipped on, and opined that the floor at the time of plaintiff's fall was "excessively slippery to allow for safe ambulation of all store patrons." Mr. Burns further opined that because the area of the "cut-flower display," where plaintiff was walking when she fell, was "a high foot traffic area" near the front of the store, and because Albertson's knew or should have known that water from cut-flower vases could be dripped or spilled onto the floor, the standard of care required Albertson's to install slip resistant flooring in that area. Mr. Burns also opined that the standard of care required Albertson's to place a larger mat around its cut-flower display, in order to prevent water from the cut-flower vases from being dripped or spilled onto the floor next to the mat—the area in which plaintiff fell.

18

Additionally, plaintiff adduced evidence and argument to counter the first and third grounds for Albertson's motion. Specifically, plaintiff claimed there were triable issues concerning (1) whether there was water on the floor when plaintiff fell (the first ground); and (2) whether Albertson's had constructive notice of the water on the floor, given that its employee cleaned the floor only 22 to 32 minutes before plaintiff fell (the third ground). Regarding the third ground, plaintiff argued that, according to applicable case law, the 22 to 32-minute time interval was sufficient to allow a jury to determine that Albertson's had constructive notice of the water on the floor when plaintiff fell, given that the fall occurred in a high foot-traffic area and near water dripping or spilling from cut-flower vases.

Plaintiff also adduced a declaration of her counsel, Mr. Coolidge, in support of her new trial motion. Mr. Coolidge averred that he reviewed Albertson's motion on December 27, 2018. On December 28, 2018, Mr. Coolidge instructed "the attorney handling this case" to have Wexco International (Wexco), Mr. Burns's firm, test the floor area and to serve Albertson's with a 30-day inspection demand so that the testing could be completed "by early February 2019." Around February 2, 2019, Mr. Coolidge reviewed the file "to ascertain the status of the site inspection" and learned that it had not yet been noticed.

Mr. Coolidge then "inquired with the handling attorney and his legal assistant" and "learned that a potential conflict of interest had existed between Wexco and Albertson's and that Wexco finally confirmed with this firm in late January 2019 that no such conflict of interest actually existed." This delay prevented plaintiff's counsel from

19

having Wexco complete the inspection and testing earlier, noticing the site inspection earlier, and from having Wexco perform the inspection in early February 2019. In order to give Albertson's the required 30-day notice, the inspection and testing could not be noticed to occur any earlier than March 12, 2019, six days after the hearing on Albertson's motion for summary judgment or summary adjudication.

Mr. Coolidge further explained that, on February 22, 2019, he received a letter dated February 20 from Albertson's counsel, confirming that the March 12 date for the site inspection and testing was acceptable. Given this letter, Mr. Coolidge "did not believe that Albertson's would oppose a request to continue" the March 6, 2019 hearing, and he prepared and filed plaintiff's written request for the continuance.[5] He was "surprised" that Albertson's "thereafter opposed this continuance" and, "[i]n retrospect," he should have asked Albertson's counsel to stipulate to a continuance. He was also surprised when the trial court denied his continuance request. He believed that his earlier declaration complied with section 437c, subdivision (h), and he did not believe it was necessary to explain why plaintiff's inspection and testing of the floor had not been completed sooner. He apologized for the omission but noted that his current declaration explained why plaintiff's inspection and testing was not completed sooner.

Mr. Coolidge appeared for plaintiff at the June 17, 2019 hearing on plaintiff's new trial motion. At the hearing, the court noted that plaintiff's failure to complete the

---

[5] On February 22, 2019, Albertson's counsel served objections to plaintiff's March 12, 2019 inspection demand. Albertson's counsel did not learn that Mr. Burns had completed the March 12, 2019 inspection and testing at the Albertson's store until she received plaintiff's new trial motion.

inspection and testing by early February 2019 was based on factors wholly within plaintiff's counsel's control, and when the court denied plaintiff's continuance request on March 6, 2019, it had "no explanation as to why it was counsel had chosen not to have this coefficient of friction study done in the [preceding] months, which clearly could have happened." Based on *Bahl* and *Frazee*, Mr. Coolidge argued that the court abused its discretion in denying plaintiff's continuance request. Had the court granted the continuance, plaintiff could have adduced the evidence and argument that she adduced on her new trial motion in opposition to Albertson's motion.

The trial court ultimately concluded that it did not abuse its discretion in denying the continuance. The court also said that it was not considering the new evidence that plaintiff adduced in support of her new trial motion, including Mr. Burns's expert declaration. The court accordingly concluded that there was no legal or factual basis to grant the new trial motion (see § 657, subds. 1, 7) and denied the motion.

2. <u>Analysis</u>

"A motion for a new trial is appropriate following an order granting summary judgment." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 858 (*Aguilar*).) "The new trial motion may seek reversal of the summary judgment on 'any available statutory ground for a new trial.' " (*Wall St. Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1176.) Plaintiff based her new trial motion on the sole ground that the trial court abused its discretion, or erred as a matter of law, in denying her request to continue the March 6, 2019 hearing on Albertson's motion for summary judgment or summary adjudication. (See § 657, subds. 1, 7.)

Generally, rulings on new trial motions are reviewed for an abuse of discretion. (*Aguilar*, *supra*, 25 Cal.4th at p. 859.) But in the case of an order denying a new trial motion following an order granting summary judgment, the applicable standard of review depends on the nature of the trial court's determinations in denying the new trial motion. (*Id*. at pp. 859-860.) Here, the applicable standard of review is the abuse of discretion standard—the same standard that applies to the trial court's underlying decision to deny plaintiff's requested 45-day continuance of the hearing on Albertson's motion. (*Frazee*, *supra*, 95 Cal.App.4th at p. 633.)

As we have explained, the trial court did not abuse its discretion in denying plaintiff's request to continue the March 6, 2019 hearing on Albertson's motion. In his declaration in support of the continuance request, Mr. Coolidge did not explain why plaintiff's expert inspection and testing of the floor area was not completed in time for plaintiff to file and serve a substantive opposition to Albertson's motion by February 20, 2019—the date the opposition was due. And, at the March 6 hearing, Mr. Martinez represented that plaintiff's counsel learned that plaintiff's "usual" expert had a potential conflict of interest in conducting the inspection and testing *after* plaintiff's counsel received defendant's objections to plaintiff's original inspection demand, which was served "in the summer of 2018." The record shows that Albertson's counsel served those objections by mail on August 21, 2018. Mr. Martinez also indicated that plaintiff's counsel did not determine that their usual expert, Wexco, did not have an actual conflict of interest until after plaintiff's counsel received and reviewed Albertson's motion in December 2018. Thus, even if the trial court could have properly considered

22

Mr. Martinez's representations at the March 6 hearing, along with Mr. Coolidge's declaration, Mr. Martinez did not explain why plaintiff's counsel was unable to arrange to have another expert forensic engineer conduct the inspection and testing for plaintiff in time to file and serve plaintiff's opposition to Albertson's motion by its February 20, 2019 due date.

Mr. Coolidge's declaration in support of the new trial motion also failed to explain why the inspection and testing was not completed by early February 2019, or in time to file a timely opposition to Albertson's motion by February 20. Mr. Coolidge only averred that *he* did not discover that Wexco had a potential conflict of interest until *he* reviewed plaintiff's file around February 2. At that time, Mr. Coolidge also discovered that Wexco had "finally confirmed" "in late January 2019 that no such conflict of interest actually existed." But neither Mr. Coolidge nor Mr. Martinez ever explained why plaintiff's counsel did not ascertain that Wexco did not have an actual conflict of interest and arrange to have a Wexco engineer proceed with the inspection and testing in time for plaintiff to file a timely opposition to Albertson's motion by February 20. Thus, the trial court did not abuse its discretion in denying plaintiff's new trial motion.

## IV.  DISPOSITION

The April 29, 2019 judgment in favor of Albertson's on plaintiff's complaint is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____<br>J.

We concur:


MILLER_____<br>Acting P.J.


SLOUGH_____<br>J.